## BECHARIAS v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. April 15, 1913. Rehearing Denied July 1, 1913.)

### No. 1,872.

1. BRIBERY (§ 1*)—IMMIGRATION OFFICERS—"OFFICER."

Under the law and regulations of the Department of Commerce and Labor, an immigration inspector is an "officer" of the United States, and his act in recommending a rehearing for an alien under order of deportation is an act in the line of his duty, so that the offering of a bribe to him to induce the making of a recommendation for a rehearing constitutes an offense against the United States.

[Ed. Note.—For other cases, see Bribery, Cent. Dig. §§ 2, 3; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 6, pp. 4933–4951; vol. 8, p. 7737.]

2. ALIENS (§ 54*)—DEPORTATION—"PENDING PROCEEDING."

Until an alien has been actually deported, and while it is within the power of the Department of Commerce and Labor to grant a rehearing, the proceeding is "pending" within the law.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*

For other definitions, see Words and Phrases, vol. 6, p. 5279.]

In Error to the District Court of the United States for the Northern District of Illinois; Kenesaw M. Landis, Judge.

George Becharias was convicted of offering a bribe to an immigration inspector, and he brings error. Affirmed.

Haynie R. Pearson and Charles H. Soelke, both of Chicago, Ill. for plaintiff in error.

James H. Wilkerson, U. S. Atty., Robert W. Childs and Walter M. Krimbill, Asst. U. S. Attys., and Lin W. Price, all of Chicago, Ill., for the United States.

Before BAKER and KOHLSAAT, Circuit Judges, and HUMPHREY, District Judge.

HUMPHREY, District Judge. Plaintiff in error was indicted, convicted, and sentenced to the penitentiary for offering and giving $150 as a bribe to one Plumly, an immigration inspector, to induce him to make a recommendation based on false testimony for a rehearing in the case of one Kosmos, then under order of deportation by the Secretary of Commerce and Labor; said order being addressed to the Commissioner of Immigration.

[1, 2] Under the law and the regulations of the department, which have the force of law, Plumly was an officer of the United States, and to make recommendation for or against a rehearing for an alien under order of deportation was in the line of his official duty. Until the man was actually deported, and while it was in the power of the de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

partment to grant a rehearing, the proceeding was "pending" within the meaning of the law.

We find no error in the rulings of the trial court either on the sufficiency of the indictment or in the admission or rejection of evidence.

Affirmed.