QUON QUON POY *v.* JOHNSON, COMMISSIONER.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS.

No. 68.   Argued December 9, 10, 1926.—Decided February 21, 1927.

1. A hearing before a Board of Special Inquiry, in an immigration proceeding, was not rendered unfair by mere delay in its com-

---

mencement; nor by the absence of a friend or relative of the applicant for entry, when the applicant waived his right in that regard; nor by the introduction before the Board of testimony previously taken by an inspector, where the applicant made no objection thereto and did not seek to recall the witness.   P. 355.

2. An applicant for admission who has never resided in the United States, is not entitled under the Constitution to a judicial hearing of his claim that he is a citizen of the United States by birth. P. 357.

3. A petition in *habeas corpus* based solely on the right of the petitioner cannot be maintained on the right of another.   P. 358.

4. When a party respondent has since died, the judgment (one of affirmance) will be *nunc pro tunc,* as of the date of submission. P. 359.

Affirmed.

APPEAL from a final order of the District Court discharging a writ of *habeas corpus,* and remanding Poy, the petitioner, to the custody of the Commissioner of Immigration.

*Mr. Warren Ozro Kyle* for the appellant.

*Solicitor General Mitchell,* with whom *Messrs. Theodore G. Risley,* Solicitor, Department of Labor, and *A. E. Reitzel,* Assistant Solicitor, Department of Labor, were on the brief, for the appellee.

MR. JUSTICE SANFORD delivered the opinion of the Court.

Quon Quon Poy, a Chinese boy fifteen years of age, arrived at the port of Boston in June, 1924, and applied for admission to the United States, claiming to be a foreign-born son of Quon Mee Sing, a native-born citizen—whose citizenship was conceded—and, hence, under R. S. § 1993 [1] (U. S. C., Tit. 8 § 6), to be himself a citizen of the

---

[1] By this section—with an exception not here material—all children born out of the limits and jurisdiction of the United States, whose fathers are at the time of their birth citizens thereof, are declared to be citizens of the United States.

United States. After a preliminary investigation by an inspector, his claim was heard, under the provisions of the Immigration Act of 1917,[2] by a Board of Special Inquiry, which decided, on the evidence, that he was not shown to be the son of Quon Mee Sing, and should be excluded as a Chinese alien not a member of any of the exempt classes entitled to enter the United States. On an appeal to the Secretary of Labor—this finding having been approved by the Board of Review—the Secretary sustained the decision of the Board of Special Inquiry; and a deportation warrant was issued to the Commissioner of Immigration.

The applicant then presented to the District Court a petition for a writ of *habeas corpus,* alleging that he was the son of Quon Mee Sing and a citizen of the United States; that he had been denied a fair hearing and opportunity to establish his citizenship by the Department of Labor; that the procedure in the Department by which he had been declared an alien denied him the due process of law to which he was entitled under the Constitution; and that under his claim to citizenship he was entitled to an adjudication by the court as to such procedure and as to his relationship to Quon Mee Sing. The writ was granted. Upon a hearing on the petition and return, in which the record of the Departmental proceedings was introduced, the court, finding that the Departmental decision was conclusive as to the petitioner's citizenship,

---

[2] This Act provides that any alien, including " any person not a native-born or naturalized citizen of the United States," who may not appear to the examining immigration inspector to be clearly and undoubtedly entitled to land, shall be detained for examination in relation thereto by a board of special inquiry, which shall have authority to determine whether he shall be allowed to land or shall be deported; and that in the event of his rejection by the board of special inquiry he may appeal to the Secretary of Labor, whose decision, where the deportation is ordered, shall be final. Act of February 5, 1917, c. 29, 39 Stat. 874, §§ 1, 16, 17, 19.

declined to hear witnesses offered by him for the purpose
of independently establishing his citizenship; and entered
judgment discharging the writ and remanding the peti-
tioner to the custody of the Commissioner of Immigration.
This direct appeal was then allowed under § 238 of the
Judicial Code, prior to the Jurisdictional Act of 1925.

1. The contention that the petitioner was denied a fair
hearing as to his citizenship by the Department of Labor,
cannot be sustained. The record shows that in September
the inspector to whom the case was referred in its prelimi-
nary stage, separately examined, under oath and at length,
the petitioner, and his alleged father and an alleged
brother who offered themselves as witnesses. Their exam-
ination, which was by question and answer, was taken
down and is in the record. It was conducted in an entirely
fair and impartial manner. Each of them stated at the
conclusion of his examination that he had nothing further
to say; and no other witnesses offered themselves or were
produced. The petitioner was intelligent, had attended
school, and stated that he thoroughly understood the
interpreter. At the close of this preliminary investigation
the case was immediately referred to the Board of Special
Inquiry, consisting of the same inspector, and two others.
At the commencement of the hearing before the Board
the petitioner was informed of his right to have a relative
or friend present, and stated that he did not desire to avail
himself of this right and was willing to proceed with the
hearing. He was also informed that the previous testi-
mony given by himself and his alleged father and brother
would be made a part of the proceedings before the Board;
to which he made no objection. The petitioner was then
further examined by the Board. After a postponement
for the purpose of obtaining a report as to the physical
condition of the petitioner, the Board resumed its hearing,
the petitioner being again present; and after consideration
of the entire testimony, being of opinion that his relation-

ship to Quon Mee Sing had not been reasonably established, voted to accord him five days in which to submit additional evidence. Notice of this was sent to the attorney representing the petitioner—who had not been present at any of the proceedings—and he replied that the petitioner had no further testimony to offer. The Board then recalled the petitioner for further examination—after which he stated that he had nothing further to say—and again decided that his claimed relationship to Quon Mee Sing had not been reasonably established and that he should be excluded; and informed him of his right to appeal to the Secretary of Labor.

This appeal having been taken, the Board of Review, after hearing the attorney for the petitioner, made a report in which it reviewed the entire testimony, found that the record was " exceptionally unfavorable " to the petitioner, and—after referring to his lack of knowledge of matters which clearly should have been within his memory, his unsatisfactory explanations, the discrepancies between his statements and those of his alleged father and brother, and to a previous statement by his alleged father to the effect that he had no such son—concluded that the petitioner had fallen " far short " of establishing that he was in truth and fact the son of Quon Mee Sing; and accordingly recommended that the exclusion decision be affirmed.

The entire record discloses a painstaking and impartial effort to ascertain the merits of the petitioner's claim. There is no contention here that the decision of the Board of Special Inquiry had no adequate support in the evidence. The arguments made as to the unfairness of the hearing—in so far as they are based upon anything properly appearing in the record before us—relate to the delay in commencing the hearing, the absence of a friend or relative of the petitioner at the hearing, and the introduction before the Board of the testimony previously taken by the

single inspector. These are not well taken. Clearly the mere delay in the commencement of the investigation—although involving the detention of the petitioner—had no bearing upon the fairness of the hearing itself. The argument as to the necessity for the presence of a kinsman or friend of the petitioner at the hearing, is based upon the provision in § 17 of the Immigration Act that while the hearing "shall be separate and apart from the public," the applicant for admission "may have one friend or relative present under such regulations as may be prescribed by the Secretary of Labor." Here, however, the Board, at the outset of the hearing, informed the petitioner of his right to have a relative or friend present; and he expressly waived this right and stated that he was willing to proceed with the hearing. And see *United States* v. *Sing Tuck*, 194 U. S. 161, 169. The contention that the hearing was invalid because the greater part of the testimony was taken before a single inspector and introduced before the Board, is based upon a provision in the same section of the Act that on an appeal from the Board of Special Inquiry the decision shall be rendered "solely upon the evidence adduced before the Board." There is, however, no suggestion whatever in the Act that the evidence adduced before the Board of Special Inquiry must be taken in its presence. We see no reason to doubt that evidence properly taken before an inspector, § 16,—which has substantially the same effect as a deposition taken in an ordinary case—may be introduced before the Board and considered by it. See *Kwock Jan Fat* v. *White*, 253 U. S. 454, 458. And here the petitioner offered no objection to the introduction of such testimony, and no application was made to recall the witnesses for re-examination by the Board.

2. It is also contended that as the petitioner claimed the right of admission to the United States as a citizen thereof under R. S. § 1993, the Immigration Act, in vest-

ing in the Board of Special Inquiry the authority to determine the question of his citizenship and making its decision when approved by the Secretary of Labor final, is unconstitutional, in that it deprives him of the right to a judicial hearing to which he is entitled as due process under the Constitution; and that it was therefore the duty of the District Court to proceed, independently of the Departmental decision, to an adjudication as to his citizenship. It is clear, however, in the light of the previous decisions of this Court, that when the petitioner, who had never resided in the United States, presented himself at its border for admission, the mere fact that he claimed to be a citizen did not entitle him under the Constitution to a judicial hearing; and that unless it appeared that the Departmental officers to whom Congress had entrusted the decision of his claim, had denied him an opportunity to establish his citizenship, at a fair hearing, or acted in some unlawful or improper way or abused their discretion, their finding upon the question of citizenship was conclusive and not subject to review, and it was the duty of the court to dismiss the writ of *habeas corpus* without proceeding further. *United States* v. *Sing Tuck,* 194 U. S. 161, 168; *United States* v. *Ju Toy,* 198 U. S. 253, 263; *Chin Yow* v. *United States,* 208 U. S. 8, 11; *Tang Tun* v. *Edsell,* 223 U. S. 673, 675; and *Ng Fung Ho* v. *White,* 259 U. S. 276, 282.

3. It is also urged in argument, that, apart from the petitioner's own claim, Quon Mee Sing was independently entitled to maintain the petition for *habeas corpus* in enforcement of his right to the custody of a minor child, and to obtain to that end an adjudication of his kinship to the petitioner. It suffices to say that no such question is here presented. The petition was filed solely in the right of the petitioner. No right was asserted in behalf of Quon Mee Sing. No such question appears to have been presented in the hearing in the District Court; and none was raised by the assignments of error.

The judgment of the District Court must accordingly be affirmed. But the Court being advised that the appellee, the Commissioner of Immigration, has died since December 10, 1926, the day on which this case was argued and submitted, the judgment here will be entered *nunc pro tunc* as of that day. *Mitchell* v. *Overman,* 103 U. S. 62, 65; *Richardson* v. *Green,* 130 U. S. 104, 116; *Bell* v. *Bell,* 181 U. S. 175, 179; *Cuebas* v. *Cuebas,* 223 U. S. 376, 390.

*Judgment affirmed, nunc pro tunc.*