**PRENTIS, Dist. Director of Immigration, v. McCORMICK.**

Circuit Court of Appeals, Sixth Circuit.
January 10, 1928.

No. 4866.

Aliens ⊙⟞54(7)—Marriage ⊙⟞40(1)—Presumption is that marriage of alien woman to American citizen is legal and that she is not subject to deportation (Comp. St. §§ 3958–3964).

Marriage of an alien woman to an American citizen, which, under Act March 2, 1907 (Comp. St. §§ 3958–3964), makes her an American citizen, is presumed to be legal, and in the absence of proof to the contrary she is not subject to deportation.

Appeal from the District· Court of the United States for the Eastern District of Michigan; Charles C. Simons, Judge.

Petition of Patreenia Rose McCormick, alias Rose Avann, against P. L. Prentis, District· Director of Immigration, for writ of habeas corpus. From an order granting the writ, respondent appeals. Affirmed.

Donald B'. Frederick, of Detroit, Mich., for appellant.

O. Guy Frick, of Detroit, Mich., for appellee.

Before DENISON, MACK, and MOORMAN, Circuit Judges.

MOORMAN, Circuit Judge. This is an appeal from an order of the District Court, in a habeas corpus proceeding, discharging appellee from arrest and restraint for supposed violations of the immigration laws. ·

In the record filed in this court there is what purports to be a "report of hearing in

the case of Rose Avann" (the appellee) before the immigration authorities, with a warrant of deportation. The report consists of what purports to be testimony given by the appellee before Immigration Inspector Brooks, with a summary by Brooks of his findings, the effect of which is that appellee had admitted the commission of felonies prior to her entry into the United States, viz. bigamy, adultery, and perjury, had entered the United States for immoral purposes, and at the time of entry was a person likely to become a public charge. This report is not authenticated or identified as evidence, and the record does not show whether it was introduced in evidence on the hearing of the writ or whether, if introduced, it was supplemented by other evidence. The trial judge, in his opinion, stated that he had carefully reviewed the record, but did not state of what it consisted. In this situation we are compelled to consider the case upon the pleadings alone, that is, the petition for the writ, the return thereto, and appellee's response to the return.

Upon these documents it is admitted that appellee was born in England, entered the United States in 1921, and later in that year, August 8, 1921, was married to a citizen of the United States. If this marriage was legal, she became a citizen of the United States under the Act of March 2, 1907, 34 Statutes at Large, 1228 (Comp. St. §§ 3958–3964), and consequently was not subject to deportation. The return of the immigration inspector does not deny the marriage or allege facts showing that appellee was incapable of entering into it. By way of avoidance it alleges that appellee was previously married in England, and "had never been divorced or legally separated from" the man whom she then married. It also alleges that an investigation conducted by the immigration inspector disclosed that she had admitted committing the crime of bigamy prior to her entry into the United States. This latter allegation, if it could be said to be an allegation of fact, is denied by rejoinder.

The District Court had jurisdiction to hear the writ. Ng Fung Ho v. White, 259 U. S. 279, 42 S. Ct. 492, 66 L. Ed. 938. There is nothing in Quon Quon Poy v. Johnson, 273 U. S. 352, 47 S. Ct. 346, 71 L. Ed. 680, that in any way modifies the rule announced in the Ng Fung Ho Case, as applied to persons who are living in this country, claiming to be citizens thereof, and against whom deportation proceedings are instituted. The Quon Quon Poy Case dealt with a petitioner who never resided in the United States,

and who merely presented himself at its border for admission.

On the facts which appear in the pleadings, it is our view that the appellee was entitled to discharge from arrest. She had gone through the form of marriage to an American citizen, a presumptively legal marriage. That she had been married in 1911 to Avann and had never been divorced from him is also admitted; but those facts, in the absence of a showing that Avann was living when she married the second time, do not show the second marriage to have been bigamous, as against the formal ceremony thereof, in favor of which there is a presumption of validity. Wagoner v. Wagoner, 128 Mich. 635, 87 N. W. 898; Killackey v. Killackey, 156 Mich. 127, 120 N. W. 630; May v. Meade, 236 Mich. 109, 210 N. W. 305.

Judgment affirmed.