**LEE GET NUEY v. NAGLE, Immigration Com'r.**

No. 6536.

Circuit Court of Appeals, Ninth Circuit.

Nov. 2, 1931.

Russell P. Tyler, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and H. A. Van Der Zee, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

WILBUR, Circuit Judge.

This is an appeal from an order denying appellant's petition for a writ of habeas corpus. Appellant, a Chinese male born in China in 1901, claims to be the son of Lee Share Dew, a citizen of the United States. He was denied admission by the immigration authorities because of failure to prove his relationship to the alleged father.

The alleged father left the United States in 1900, returning in 1902, so that he was in China at a time which makes the claimed relationship possible. In August, 1924, on his return from a trip to China, he testified that he had been married once in China and that he had a son living there who was the father of three children, two sons and a daughter. At the hearing before the board of special inquiry, upon appellant's application for admission, the alleged father testified that appellant had but two children, a son born in 1923 and a daughter born in 1926, and that he never had any other child. This contradicts the testimony he gave in 1924, that appellant is the father of two sons and a daughter. It will also be noted that the alleged father now testifies that the daughter was born in 1926, whereas in 1924 he testified that she was then living.

The appellant testified that he is the father of three children: A son born in July, 1923, another born in July, 1924 and a daughter born in 1926. He also testified that the second son died in the twelfth month of 1924, a few months after his birth, in the home in China while the alleged father was there on a visit. In the face of appellant's statement that the alleged father was at home in China at the time of the death of this son, the alleged father now denies the existence of any such child. We might add also that the record shows that the alleged father left this country for a trip to China in September, 1924, returning in December, 1925. This contradictory testimony of the appellant and his alleged father, and the unexplained statement of the alleged father in 1924, when he testified as to the existence of a child who was not born until 1926, constituted a vital discrepancy, and warranted the immigration department in finding that the claimed relationship was not satisfactorily established.

In Weedin v. Jew Shuck Kwong, 33 F. (2d) 287, 288, this court said: "The discrepancies * * * did not relate to unimportant objects or incidents outside of the family and home which may not be observed at all or are soon forgotten. They related to facts connected with the immediate home life of the family, which were necessarily within the personal knowledge of the several witnesses, if the claim of relationship in fact existed."

Again, in Tom Him v. Nagle, 27 F. (2d) 885, 886, we said: "It will thus be seen that there were discrepancies in the testimony relating to matters of family history, which would not exist if the claim of relationship was well founded."

The immigration authorities based their order of exclusion on the foregoing discrepancy and several other discrepancies of lesser importance. In view of what we have said regarding the discrepancy on a matter of family history, it becomes unnecessary to consider the other alleged inconsistencies in the testimony of the witnesses.

In Weedin v. Yee Wing Soon (C. C. A.) 48 F.(2d) 36, the alleged father testified that his mother died in his house, and the applicant testified that she died in the house of an alleged brother. We held there that such a discrepancy was inconsistent with the relationship asserted, even though there was complete accord in the testimony of the witnesses upon a multitude of other details.

The order is affirmed.