**HOO GAN TZE v. HAFF, Acting Com'r of Immigration.**

**No. 7017.**

Circuit Court of Appeals, Ninth Circuit.

Oct. 16, 1933.

Frank J. Hennessy and Marshall B. Woodworth, both of San Francisco, Cal., for appellant.

I. M. Peckham, U. S. Atty., and R. B. McMillan, Asst. U. S. Atty., both of San Francisco, Cal. (Arthur J. Phelan, of San Francisco, Cal., U. S. Immigration Service, on the brief), for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

SAWTELLE, Circuit Judge.

This is an appeal from an order denying a petition for a writ of habeas corpus. The petition for the writ was filed in the District Court on April 8, 1932, by Hoo Loy, an American citizen, on behalf of his alleged son, Hoo Gan Tze, the appellant here, who seeks admission to the United States as the foreign-born son of Hoo Loy. The petition alleged: "That the said detained [appellant] arrived at the Port of San Francisco on or about the 8th day of September, 1931, on the steamship President Lincoln, and thereupon made application to enter the United States as a citizen thereof by virtue of being the foreign born son of your petitioner, Hoo Loy, a native born citizen of the United States, and that the application of said detained to enter the United States as a citizen thereof was denied by said Commissioner of Immigration and a Board of Special Inquiry, and that an appeal was thereupon taken from the excluding decision of said Commissioner of Immigration and said Board of Special Inquiry to the Secretary of the Department of Labor, and that said Secretary thereafter dismissed the appeal."

The petition further alleged that appellant and his alleged father and mother and alleged prior landed sister and brothers testified in appellant's behalf at the hearing before the immigration officers, and that appellant was denied admission to the United States because of alleged discrepancies in the testimony of these witnesses; and "your petitioner alleges the variances in the said testimony are not serious discrepancies and do not relate to material matters."

The petition also states: "That word was first received of the Department of Labor's decision April 8th, 1932, and your petitioner was informed that deportation would take place on the same day, viz.: April 8th, 1932, at 4 o'clock P. M., ex steamship President McKinley; that your petitioner has not had time, owing to the sudden notice of the order of deportation and the proximity of the sail-

ing of the steamship President McKinley, to secure copies and excerpts from the immigration records of the Department of Labor, with the exception of the exhibits hereto attached; that as soon as possible your petitioner will present the same to the Court for its consideration; that a copy of a brief of counsel for the detained filed with the Department of Labor, marked Exhibit 'A,' and a copy of a Summary of the Board of Special Inquiry, marked Exhibit 'B,' are attached hereto and made a part hereof."

An order to show cause, directed to the respondent, Commissioner of Immigration, issued on the same day, April 8.

Thereafter the respondent served notice upon the attorney who then represented appellant that upon the hearing on the order to show cause he would "rely upon certain excerpts of testimony from the original immigration record additional to the portions of such records which are set out in the petition for writ of habeas corpus herein, a copy of such additional excerpts being annexed hereto."

The matter came on for hearing before the court on July 18, 1932, and was ordered submitted. On August 17, 1932, the petition for the writ of habeas corpus was denied. This appeal was then prosecuted by counsel who had not theretofore represented appellant in his effort to secure admission.

 It is urged that the court erred in refusing to issue the writ of habeas corpus "and in not granting a hearing to the appellant without a consideration of all of the evidence and record of proceedings before the immigration officials, instead of confining itself to a mere consideration of excerpts of testimony appended to the 'Appearance of respondent and notice of filing excerpts of testimony from the original immigration record.' " In support of this argument, appellant relies upon rule 50 of the District Court, as amended by order of November 28, 1928 (considered by this court in Chin Lim v. Nagle, 38 F.(2d) 474), which provides, in part, that:

"* * * Petitions for writs of habeas corpus must set forth the essential part of the proceedings upon which petitioner relies. For example, in an exclusion case, it should contain the findings of the Board of Special Inquiry, the findings of the Secretary of Labor, and such other portions of the record as petitioner relies on to establish his right to a writ. If any portion of this record, despite the rule of the Immigration Service, is not available to the attorney of record for the petitioner, the facts as to the absence of that part of the record, and the reasons for its non-availability should be fully set forth in the petition. If such portion of the record becomes available subsequent to the filing of the petition, counsel will assist the court greatly if such record is then set up by way of amendment to the petition. * * *

"In the event that it appears to the court that the petition for the writ does not in fact furnish sufficient information, the court may, upon its own motion, call for the original record."

A sufficient answer to the argument advanced is the obvious negligence or failure of appellant's then counsel, during the three months intervening between the date of the petition and the order of submission, to amend his petition to include the testimony or excerpts from the immigration record upon which he relied, and which it was stated in the petition he would, as soon as possible, present to the court for its consideration. Instead of so doing, appellant contented himself with submitting the matter to the court on the petition and the excerpts from the immigration record filed by the respondent. These excerpts set forth the discrepancies upon which the order of exclusion is based. If, in the opinion of the court, the record upon which the case was submitted disclosed nothing to indicate that the immigration officials had denied the appellant a fair hearing or had acted arbitrarily or abused their discretion, the court was under no obligation, as appellant claims, to "call for the original record." As said by the Supreme Court in Quon Quon Poy v. Johnson, 273 U. S. 352, 358, 47 S. Ct. 346, 348, 71 L. Ed. 680: " * * * When the petitioner, who had never resided in the United States, presented himself at its border for admission, the mere fact that he claimed to be a citizen did not entitle him under the Constitution to a judicial hearing; and * * * unless it appeared that the Departmental officers to whom Congress had entrusted the decision of his claim, had denied him an opportunity to establish his citizenship, at a fair hearing, or acted in some unlawful or improper way or abused their discretion, their finding upon the question of citizenship was conclusive and not subject to review, and it was the duty of the court to dismiss the writ of habeas corpus without proceeding further. [Citing cases.]"

 A further contention of appellant is stated in his following query: "Are the discrepancies appearing in the excerpts append-

ed to the appearance of respondent of sufficient importance to offset the sworn averments in the petition as to the citizenship of the appellant?"

The burden of proving the claimed relationship was on appellant [Ex parte Wong Foo Gwong (C. C. A.) 50 F.(2d) 360]; and the bare allegation of citizenship in the petition was, of course, insufficient to sustain this burden, in the absence of evidence in support thereof. The evidence so offered was found by the immigration authorities to be insufficient, because of discrepancies in the testimony of the witnesses. There is nothing before us on this appeal but respondent's excerpts from the immigration record, constituting the discrepancies found by the immigration authorities, and for that reason, and in view of the well-settled rule that the conclusions of the immigration authorities on fact issues relating to applicant's right to admission are conclusive, unless arbitrary or capricious, we would not be justified in setting aside the warrant of deportation.

Affirmed.