**WONG DOON et al. v. CAHILL, District Commissioner.**

**No. 7709.**

Circuit Court of Appeals, Ninth Circuit.

June 24, 1935.

John L. McNab and S. C. Wright, both of San Francisco, Cal., for appellants.

H. H. McPike, U. S. Atty., and Robt. L. McWilliams, Asst. U. S. Atty., both of San Francisco, Cal. (Arthur J. Phelan, U. S. Immigration and Naturalization Service, of San Francisco, Cal., on the brief), for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an order in a habeas corpus proceeding remanding the appellant Wong Doon to custody for deportation. The appellant Wong Tuck, who claims to be the father of Wong Doon, petitioned the lower court for the writ of habeas corpus, and joins in the appeal from the order.

Appellant Wong Doon, a Chinese, arrived at the port of San Francisco from China on January 17, 1934, and sought admission into the United States as a citizen thereof, claiming to be the foreign-born son of Wong Tuck, a citizen of the United States. Upon his application for entry Wong Doon was given a hearing before a Board of Special Inquiry; thereafter his petition to enter and remain in the United States was denied by the Commissioner of Immigration at San Francisco upon the recommendation of the Board of Special Inquiry; upon appeal to the Department of Labor Wong Doon was declared to be a citizen of the United States, and the port officials at San Francisco were directed to release him from detention and permit him to land. When a guard went to the detention quarters on Angel Island to execute this order he found three letters in the possession of applicant which he immediately turned over to the supervising officer for the customary inspection.

One of these letters was addressed to "Dear father," but its contents disclosed that it was not intended for the alleged father, Wong Tuck. Another letter was addressed to "Wah Len" as "Dear Uncle," and the third was addressed to "Bik Foon" as "Dear younger sister." These letters were entirely inconsistent with the claims of Wong Doon to be the son of Wong Tuck, and, consequently, a citizen of the United States.

Upon telegraphic request from the local authorities, the Board of Review, which had reversed the order of deportation, set aside its order and directed that further evidence be received by the Board of Special Inquiry. Upon the rehearing before the Board an opportunity was given to the applicant and to his alleged father to be heard upon the question of the possession, authorship, and purport of the letters in question. An appeal was taken from the order of deportation, and after hearing the appellants' objections thereto the order was affirmed.

Appellant claims that by the first order of the Secretary of Labor it was adjudged that the applicant Wong Doon was a citizen of the United States, and that in view of this determination and the steps taken in execution thereof, the Department lost jurisdiction to proceed further in deportation proceedings and that Wong Doon thereupon became entitled to a judicial hearing as to his right to remain in the United States, citing Ng Fung Ho v. White, 259 U. S. 276, 282, 42 S. Ct. 492, 66 L. Ed. 938, in which the Supreme Court pointed out the difference between the proceedings for the exclusion of a person claiming entry as a citizen of the United States and the deportation of one who claimed to be a citizen of the United States who had previously entered. It is clear from the evidence that Wong Doon never entered the United States. He was still on Angel Island in the Bay of San Francisco and in actual custody of the immigration authorities at the time the letters were received. Because of these letters he was not released. He had not entered the United States and was not entitled to such a judicial hearing as would be essential to the deportation of one claiming to be a citizen who had resided in the United States. See Quon Quon Poy v. Johnson, 273 U. S. 352, 358, 47 S. Ct. 346, 71 L. Ed. 680; Ex parte Chin Shue Wee (D. C.) 272 F. 480; Ex parte Chow Chok (C. C.) 161 F. 627; United States ex rel. Pantano v. Corsi (C. C. A. 2) 65 F.(2d) 322.

There is no doubt that the Secretary of Labor and the Commissioner of Immigration have jurisdiction to reopen hearings. Chew Hoy Quong v. White (C. C. A. 9) 244 F. 749; Becharias v. United States (C. C. A. 7) 208 F. 143.

Appellant claims that even conceding that the Secretary of Labor would have the right to reconsider the order releasing

the applicant from custody at any time before his actual release, the rules of the Department of Labor prohibit such a course where there had been a hearing and final determination, and, therefore, the Secretary of Labor is bound by the rule. There is no such rule.

The appellant cites rule 5 of the Department in support of his contention. This rule relates to reopening of decisions of the Department affirming an excluding order of the Board of Special Inquiry in the case of new evidence. The rule has no application to the reopening of a case where the Secretary of Labor reverses the order of deportation.

Appellant also refers to subdivision 4 of paragraph 1 (a) of this same rule relating to reopening cases where the record has been transmitted on appeal to the Secretary and, as we understand it, before the decision by the Secretary. This of course has no application to the case at bar. The Secretary of Labor and the Commissioner of Immigration have authority to reconsider the case at any time prior to the release of the applicant and for that purpose to reconsider any ruling or order theretofore made. The rule in question does not purport to restrict the authority of the Secretary of Labor.

Order affirmed.