## JUNG WOON KAY v. CARR, District Director of Immigration and Naturalization.

### No. 8368.

Circuit Court of Appeals, Ninth Circuit.

Feb. 8, 1937.

Y. C. Hong, of Los Angeles, Cal., for appellant.

Peirson M. Hall, U. S. Atty., and Jack L. Powell, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before WILBUR and GARRECHT, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

To reverse an order discharging order to show cause and dismissal of petition for writ and remanding petitioner to the custody of the immigration authorities for deportation, this appeal was prosecuted.

298

█ Eight errors are assigned. All may be placed in two classes:

(a) Failure to disregard the United States Officer's return to the writ and discharge the petitioner because the return did not specifically deny the allegations of birth of petitioner in the United States and pertinent allegations therein. The return does certify the "true cause of the detention of such party." 28 U.S.C.A. § 457. This particularly appears in the supplemental return (section 760, R.S. [28 U.S.C.A. § 460]) which the court was empowered to permit or even direct. Bieloszycka Case (U.S. ex rel. Bieloszycka v. Com'r), 3 F.(2d) 551, 552 (C.C.A.2). Tiberg v. Warren, 192 F. 458 (C.C.A.9). The return was traversed; an issue of fact was raised; appellant was not misled. He proceeded fully advised on the issue. The return is responsive to the petition for the writ. Knight v. Miles et al., 308 Mo. 538, 272 S.W. 922. In a habeas corpus case the issues are framed upon the return and denial without reference to the petition for the writ. Thompson v. Sanders, 334 Mo. 1100, 70 S.W.(2d) 1051, 1052. The writ of habeas corpus is an extraordinary remedy. It is not bound down by the thongs of technical pleading or its swift relief hindered by captious objection or finespun theories of procedure. State v. Thurman, 17 Ala.App. 656, 88 So. 61. This assignment has no merit.

█ (b) The petitioner presenting himself for admission was not entitled to a judicial hearing (Quon Quon Poy v. Johnson, 273 U.S. 352, 47 S.Ct. 346, 71 L.Ed. 680), and, if the immigration officers intrusted by the Congress decided his claim for admission at a fair hearing and gave him an opportunity to establish his citizenship and did not abuse their discretion lodged with them, the finding upon the question of citizenship is conclusive. Quon Quon Poy v. Johnson, supra.[1]

We think the hearing in this case was not arbitrary, unfair, or unreasonable in view of the irreconcilable material discrepancies which are very numerous and vital to the relationship which it is sought to establish. The discrepancies are differences with relation to family history, to business, physical conditions, and such matters as would be known to the members of a family. There is disagreement in material matters, Leung Shee's age and feet, the appellant's mother, and the granduncle, Jung Ping, and maternal uncle, residence after marriage of appellant's mother, residence of appellant's grandparents and grandaunt, and marriage of the appellant's father. To set out these discrepancies could serve no useful purpose and would unduly extend this memorandum.

Affirmed.

---

[1] Weedin v. Yee Wing Soon, 48 F.(2d) 36 (C.C.A. 9); Wong Sun Ying v. Weedin, 50 F.(2d) 377 (C.C.A. 9); Lee Get Nuey v. Nagle, 53 F.(2d) 208 (C.C.A. 9); Chin Wing v. Nagle, 55 F.(2d) 609 (C.C.A. 9); Louie Foo v. Nagle, 56 F.(2d) 775 (C.C.A. 9); Lee Foo v. Nagle, 58 F. (2d) 764 (C.C.A. 9); Wong Hon Ping v. Haff, 63 F.(2d) 448 (C.C.A. 9). See, also, Lim Wun v. Nagle, 52 F.(2d) 396 (C.C.A. 9); Wong Soo v. Nagle, 60 F.(2d) 681 (C.C.A. 9); Wong Shong Been v. Proctor, 79 F.(2d) 881 (C.C.A. 9).