SCHENCK ex rel. CHU GUAY OI v. WARD, Com'r of Immigration.

No. 3423.

Circuit Court of Appeals, First Circuit.

May 10, 1939.

John W. Schenck, of Boston, Mass., for appellant.

Alfred G. Malagodi, Asst. U. S. Atty., of Boston, Mass. (Edmund J. Brandon, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before WILSON, Circuit Judge, and PETERS and BREWSTER, District Judges.

BREWSTER, District Judge.

Chu Guay Oi seeks admission to the United States as a child of Chu Que, whose American citizenship is conceded. Admission was denied and this petition for a writ of habeas corpus was dismissed in the District Court.

The appeal raises two questions: (1) Whether the procedure adopted by the Commissioner of Immigration satisfied the statutory requirements relative to a Board of Special Inquiry; and (2) whether there was substantial evidence to support the excluding decision.

The Immigration Act of February 5, 1917, sec. 17, 8 U.S.C.A. § 153, provides for a Board of Special Inquiry, appointed by the Commissioner of Immigration or the inspector in charge at the various ports of arrival, which shall have authority to determine whether an alien shall be allowed to land or shall be deported. "All hearings before such boards shall be separate and apart from the public, but the immigrant may have one friend or relative present under such regulations as may be prescribed by the Secretary of Labor." The decision of any two members of the Board shall prevail, and rights to appeal to the Secretary of Labor are granted to the alien or any dissenting member of the Board.

██ The procedure followed upon the arrival of Chu Guay Oi was in accordance with the usual practice which has prevailed in this port of entry for many years. An inspector examined the applicant at length and also examined her father and prior landed brother. This examination appears to have been fairly conducted. A Board of Special Inquiry was then convened, before which the full examination was introduced, the applicant further examined, and the excluding decision reached. Upon appeal, this decision was affirmed by the Secretary of Labor.

The applicant's argument that this procedure does not satisfy the statute cannot prevail, in view of the decision of the Supreme Court in Quon Quon Poy v. Johnson, Com'r, 273 U.S. 352, 47 S.Ct. 346, 71 L.Ed. 680, where exactly the same proceedings were held to be proper. In that case there was a preliminary examination of the applicant and his two witnesses by an inspector, and the results of this examination made a part of the record before the Board of Special Inquiry.

██ With reference to the appellant's contention that there is no substantial evidence to warrant the decision reached by the administrative authorities, the District Court, after a review of the file, held that the decision was supported by the evidence in the case. With this conclusion we agree. It appeared from the testimony of the father and brother that each of two alleged brothers had three sons, ages ranging from 5 to 20 years, and that these sons live in the same village from which the applicant came. She testified, and persisted in her testimony, that these alleged brothers had only one son each. It was this important discrepancy, intimately related to the family, together with several other discrepancies of less importance, that led the Board of Special Inquiry to reach, and the Board of Appeals to affirm, the decision that the claimed relationship had not been satisfactorily established.

The order of the District Court dismissing the petition for writ of habeas corpus is affirmed.