**JEW NGEE GWAY v. PROCTOR, Commissioner of Immigration and Naturalization.**

No. 9203.

Circuit Court of Appeals, Ninth Circuit.

Jan. 20, 1940.

H. H. McPike, of San Francisco, Cal., for appellant.

J. Charles Dennis, U. S. Atty., and Gerald Shucklin, Asst. U. S. Atty., both of Seattle, Wash. (J. P. Sanderson, of Seattle, Wash., Immigration and Naturalization Service, on the brief), for appellee.

Before WILBUR, DENMAN, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a decision of the district court denying a writ of habeas corpus to appellant of Mongolian ancestry claiming the right to enter the United States. The case is controlled by the decision of the Supreme Court in Quon Quon Poy v. Johnson, 273 U.S. 352, 357, 47 S.Ct. 346, 71 L.Ed. 680, and appellant does not claim the right to a trial de novo in the district court as in cases of deportation of persons claiming citizenship. Ng Fung Ho v. White, 259 U.S. 276, 284, 42 S.Ct. 492, 66 L.Ed. 938.

356

Appellant admits there is sufficient evidence to warrant the Immigration authorities refusing his admission to the United States but claims that the hearing on the question of his admission was conducted in a manner so unfair to appellant and with such bias and prejudice toward him on the part of the Immigration officers that their decision refusing him admission should be set aside, the writ of habeas corpus granted and appellant be freed to enter and to remain in the United States as one of its citizens.

Appellant claims he is the son of a native-born Mongolian citizen of this country and the appellee admits that if appellant is in fact a blood son of his alleged father he is entitled to admission to the United States with the status of citizenship. The single question of fact before the Immigration authorities was whether appellant had such relationship to his alleged father.

█ We are unable to find any unfairness or prejudice on the part of the examining Board. The Board properly made a searching cross-examination of appellant's testimony in response to the usual inquiries in such proceedings concerning his knowledge of the village in which he and his alleged father were claimed to have been associated. We regard as entirely unjustifiable the suggestion that because the discrepancies in his testimony caused him to be heavily pressed in such examination it was in the nature of "brow beating" by the examiner. We consider the questions entirely proper when considered with reference to the obligation of the Board to prevent the entry of persons prohibited therefrom by the statute. The witness was unable to identify his alleged father and on four different occasions identified another person as his father under conditions of examination customary and proper in such cases. Instead of an arbitrary decision on the testimony so developed, of which a transcript was supplied to appellant's counsel, the latter's motion to reopen the hearing was granted and further testimony taken. On the second hearing appellant attempted to explain why he had failed to identify his alleged father on the first hearing and why he had made the erroneous identifications of another person.

█ It is not for us to weigh the value of the evidence so taken. The examining Board could observe the demeanor of the appellant and his witnesses and evaluate their testimony and particularly appellant's explanations of his failure of identification and misidentifications in the first hearing. There is no evidence indicating the Board has failed to discharge its duty to be as vigilant to protect the rights of one claiming citizenship as the right of the United States to protection from the entry of aliens excluded by the statute. Lau Hu Yuen v. United States, 9 Cir., 85 F.2d 327, 331.

█ The decision of the examining Board was reviewed by the Secretary of Labor. It is claimed that explanatory matter in the record sent to the Secretary does not appear in the transcript of the hearings below but none is shown to have been prejudicial. A copy was furnished the appellant's counsel and since he did not ask for a rehearing for its correction, it properly may be presumed he was satisfied with its condition.

The order dismissing the writ of habeas corpus is affirmed.