# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 05-2067

THOMAS PEKULAR,                                                                          APPELLANT,

      V.

GORDON H. MANSFIELD,
ACTING SECRETARY OF VETERANS AFFAIRS,                             APPELLEE.

Before GREENE, *Chief Judge*, and KASOLD, HAGEL, MOORMAN,
LANCE, DAVIS, and SCHOELEN, *Judges.*

## O R D E R

On October 31, 2007, the Court issued a panel decision in the above-captioned appeal, denying the appellant's motion to substitute and vacating the appealed Board of Veterans' Appeals (Board) decision. *See Pekular v. Mansfield*, __ Vet.App. __, No. 05-2067 (Oct. 31, 2007). Prior to the issuance of *Pekular*, three judges requested full-Court consideration. *See* Court's Internal Operating Procedures ¶ V(b)(5).

Upon consideration of the foregoing, and there being no majority in favor of the request for full-Court consideration, it is

ORDERED that full-Court consideration is DENIED.

DATED:     December 20, 2007           PER CURIAM.


KASOLD, *Judge*, with whom DAVIS, *Judge*, joins, dissenting: The underlying panel opinion in *Pekular v. Mansfield* creates an unnecessary, artificial barrier to substitution that has the unfortunate effect of forcing surviving spouses and dependents to present issues already decided contrary to their interest to the agency that rendered that adverse decision, and suffer the delay inherent in the administrative and judicial appeal processing attendant thereto before the adverse ruling can be judicially reviewed. *See* __ Vet.App. __, No. 05-2067 (Oct. 31, 2007). This decision affects a tremendous number of cases and it presents an issue of exceptional importance warranting full-Court consideration. *See* U.S. VET. APP. R. 35(c) (establishing criteria for full-Court consideration). Accordingly, I respectfully dissent from the Court's denial of such consideration.

Rule 43 of the Court's Rules of Practice and Procedure (Rules) authorizes parties to be substituted, as permitted by law. Such a permitted instance is when the movant has an interest in the pending matter. *Cf.* FED. R. CIV. P. 17, 25 (permitting substitution of real parties in interest upon

death of a party). It is without question that a veteran's surviving spouse[1] has an interest in the outcome of his or her deceased spouse's appeal with regard to a claim for disability compensation. This is so because the spouse is an accrued-benefits beneficiary, and the spouse's claim is directly derivative of the deceased veteran's claim. *See Padgett v. Nicholson*, 473 F.3d 1364, 1369 (Fed. Cir. 2007) (*Padgett III*); *Zevalkink v. Brown*, 102 F.3d 1236, 1242 (Fed. Cir. 1996). Thus, any reversal of a Board decision denying benefits necessarily establishes the right to the accrued benefits.

Many years passed after the Court's holding in *Landicho v. Brown*, 7 Vet.App. 42 (1994), and the decision of the U.S. Court of Appeals for Federal Circuit (Federal Circuit) in *Zevalkink*, before the Court recognized that an accrued-benefits beneficiary could be substituted for a deceased veteran in a case involving a disability compensation claim. Succinctly stated, the Court held in *Landicho* that (1) a compensation claim did not survive the veteran, (2) when a veteran dies while his claim is on appeal, the Board decision should be vacated to avoid any preclusive effect on an accrued-benefits claim, and (3) substitution could not be permitted. *See Landicho*, 7 Vet.App. at 46-49. Although *Zevalkink* only approved of this approach, but did not mandate it, *see Zevalkink*, 102 F.3d at 1244 (noting the possibility that Court could remand the matter for certification of a party seeking substitution as an accrued-benefits beneficiary under statute), the Court nevertheless refused to consider substitution for an accrued-benefits beneficiary until a panel did so very recently, *see Nolan v. Nicholson*, 20 Vet.App. 340, 345 (2006).

It is thus particularly ironic that now, when substitution is just again being recognized as a viable option, that a panel of the Court establishes an unnecessarily restrictive barrier to substitution, i.e., that the Court will not permit substitution unless prior to death the deceased veteran completed all briefing or expressly waived complete briefing. Although the panel ostensibly relies on *Padgett III* for establishing this barrier, nothing in that case requires such action. Rather, *Padgett III* reiterates the fact that an accrued-benefits claim is derivative of the veteran's claim and establishes very clearly that the accrued-benefits beneficiary has an interest and therefore has standing in the veteran's case on appeal. *See Padgett III*, 473 F.3d at 1369-71. The Federal Circuit also explicitly noted the futility of an accrued-benefits beneficiary seeking a changed ruling from the Secretary, thus only delaying judicial review of the matter if substitution is denied and the matter is remanded. *See id.* at 1370.

Although there is discussion in *Padgett III* regarding the fact that the underlying appeal in that case had been submitted for decision, that was wholly in the context of whether issuance of a decision after the death of a party appropriately can be done nunc pro tunc. *See id.* at 1367-69 (citing *Harris v. Comm'r*, 340 U.S. 106, 113 (1950); *McDonald v. Maxwell*, 274 U.S. 91, 99 (1927); *Quon Quon Poy v. Johnson*, 273 U.S. 352, 359 (1927); *Bell v. Bell*, 181 U.S. 175 179 (1901); and *Mitchell v. Overman*, 103 U.S. 62, 64-66 (1880)). Submission of the case was not a prerequisite for substitution. Moreover, when a party is substituted, that party assumes the case at the point where the original party left it – even when briefing is incomplete or arguments have yet to be made; that

---

[1] Congress has expressly provided that a veteran's surviving spouse, children, and dependent parents are potential accrued-benefits beneficiaries. *See* 38 U.S.C. § 5121(a)(2).

is, the case stands as if the substituted party had been the original party. *See* 59 AM. JUR. 2D PARTIES § 359 (2002); *see also* FED. R. CIV. P. 25(a)(1) (establishing  as the only criterion for substitution that a proper party in interest must seek substitution within 90 days after the death of the original party is suggested on the record).

Further, the panel establishes this artificial barrier in conflict with our Rules, which permit substitution as authorized by law. *See* U.S. VET. APP. R. 43.  Although it is true that a panel decision is precedential, it does not follow that our Rules should be changed by a panel.  Rather, changes to our Rules should go through the established rule-promulgating procedures that generally include the participation of our Rules Advisory Committee and other interested parties.  *See* 38 U.S.C. § 7264(a); 28 U.S.C. § 2071(b); U.S. VET. APP. R. 40(a).  Indeed, the Court, the bar, and the parties would be better served by following our normal practice.

In the end, it is the accrued-benefits beneficiary who has the interest in the matter,[2] and substituting such a person should be within the discretion of the Court so long as it does not alter the substantive grounds of the litigation.  *See* 59 AM. JUR. 2D PARTIES §§ 322 (2002) (substitution granted liberally except when the effect is to state a new cause of action or otherwise prejudicial to the other party), 328 (substitution is within the discretion of the court).  When requested, substitution should be granted liberally on a case by case basis considering the totality of the circumstances, including the interests of justice, timely resolution of the matter, and judicial economy.  Substitution should not be denied because of an arbitrary barrier.

Should en banc review of this issue be sought again, *see* U.S. VET. APP. R. 35(c) (authorizing a motion for en banc review), or changes suggested to our Rules, *see* U.S. VET. APP. R. 40 (Rules Advisory Committee may recommend changes), to overturn the unfortunate effect of the underlying panel decision, I would urge my colleagues to grant the review or change our Rules so that substitution may again be permitted when a third party has interest and when such substitution is otherwise warranted in a particular case.

DAVIS, *Judge*, with whom KASOLD, *Judge,* joins, dissenting: I respectfully dissent from the Court's denial of en banc consideration, because this case presents an issue of exceptional importance.  *See* U.S. VET. APP. R. 35(c).  I write separately to emphasize what I believe to be a misapplication of law in *Pekular v. Mansfield*, __ Vet.App. __, No. 05-2067 (Oct. 31, 2007).

I compliment the *Pekular* panel for its analysis of the decision of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Padgett v. Nicholson*, 473 F.3d 1364 (Fed. Cir. 2007) [hereinafter *Padgett III*], to the extent that *Pekular* gave meaning to the phrase "submitted for decision."  Beyond that, however, the opinion incorrectly blends the Federal Circuit's criteria for deciding when it is appropriate to grant nunc pro tunc relief with the Federal Circuit's test for

---

[2] *See also* Veterans Quality of Life Study Act of 2007, H.R. 4084, 110th Cong. § 3 (1st Sess. 2007) (legislation to substitute a potential accrued-benefits beneficiary upon the death of a claimant pending final adjudication on a claim for any VA benefit).

deciding when it is appropriate to grant substitution. Specifically, *Pekular* characterizes the nunc pro tunc "prerequisites" as follows:

> (1) The veteran must have died after his case was submitted for decision; (2) substitution must be appropriate, that is, the person seeking substitution must have standing under both Article III of the U.S. Constitution and must be adversely affected by the underlying Board decision under 38 U.S.C. § 7266(a); and (3) the considerations of justice and fairness outlined by the Supreme Court in *Mitchell* [*v. Overman*, 103 U.S. 62 (1880)] must be satisfied.

*Pekular*, ___ Vet.App. at ___, slip op. at 7 (citations omitted). Drawing from the criteria for nunc pro tunc relief, *Pekular* adds that substitution is appropriate only after (1) "filing of the appellant's reply brief, (2) the expiration of the time to file a reply brief, or (3) the filing of a waiver of the right to file a reply brief." *Id*. at 13. The panel, apparently in an attempt to draw a bright line rule to ensure lockstep results in a matter of judicial discretion, limits the ability of the Judges of this Court to substitute parties to those cases where the briefing schedule has been completed or where the completion has been waived. This holding not only unreasonably restricts the Court's own broad rule that authorizes parties to be substituted simply "to the extent" permitted by law (*see* U.S. VET. APP. R. 43), but it is also contrary to the *Padgett III* decision.

> At the outset, *Padget III* identified the following two questions of law that it would resolve:

> First, where a veteran dies after his case is submitted for decision, but before the opinion issues, does the Veterans Court have authority to issue the judgment *nunc pro tunc* as of the time of his death? Second, and intertwined with the first, is whether, under these circumstances, the surviving spouse, as accrued-benefits claimant, may be substituted on her husband's appeal[.]

*Padgett III*, 473 at 1367. The Court articulated considerations for each question, and answered both in the affirmative.

## A. Criteria for Nunc Pro Tunc Relief

In *Padgett III*, the Federal Circuit first acknowledged that Article I courts have the authority to provide nunc pro tunc relief. *Id*. at 1368. The criteria for granting such relief is largely discretionary and "'should be granted or refused, as justice may require, in view of the circumstances of the particular case.'" *Id.* (quoting *Mitchell*, 103 U.S. at 65). The Federal Circuit proceeded to address whether nunc pro tunc relief was appropriate in that case, centering its analysis on whether entering Mr. Padgett's judgment nunc pro tunc would be inconsistent with the applicable benefits statutes and the statutes governing standing and jurisdiction in this Court. *Id*. at 1369. The Federal Circuit drew a distinction between *Zevalkink v. Brown*, 102 F.3d 1236 (Fed. Cir. 1996), where the veteran died prior to the submission of his case, and *Padgett*, where the veteran died after the case was submitted to the Court for a decision. In Mr. Padgett's case, the Federal Circuit concluded: "In our view, granting nunc pro tunc relief here is consistent with, if not compelled by, the statutory

4

scheme for awarding benefits to veterans and their survivors." *Padgett III,* 473 F.3d at 1368. Contrary to *Pekular*, the Federal Circuit went no further in establishing "prerequisites" for nunc pro tunc relief.

## B. Two-part Inquiry for Substitution

The Federal Circuit next addressed whether Mrs. Padgett could be substituted for the veteran in the appeal. The Federal Circuit held that "substitution in veterans cases is a two-part inquiry." *Padgett III,* 473 F.3d at 1370. First, this Court requires a case or controversy, because we do not decide hypothetical claims. *Id*. Second, a party seeking substitution must be "adversely affected" by a decision of the Board. The Federal Circuit then concluded that with respect to the case-or-controversy requirement, Mrs. Padgett met the requirement because the issues decided in her husband's appeal have continued relevance to and a potential preclusive effect on her accrued-benefits claim. *Id*. Regarding adverse effects, the Federal Circuit concluded that, but for the nunc pro tunc relief, the Board's decision would adversely affect her claim–it is that injury that gave her standing.[3] *Id.*

The Federal Circuit's test for substitution is clear and unambiguous: (1) A case or controversy must exist; and (2) the person seeking substitution must be adversely affected by the decision of the Board. Nothing in the Federal Circuit's analysis tied this Court's ability to substitute a party to a briefing schedule or waiver thereof. By doing so, the *Pekular* panel needlessly placed this Court in a substitution straightjacket, limiting the ability of Judges to apply the *Padgett III* test and determine on a case-by-case basis the appropriateness of substitution. For these reasons I dissent.

---

[1] At the conclusion of its substitution discussion, the Federal Circuit added that "[t]he paramount considerations in this inquiry are justice and fairness to the parties." *Id*. at 1370 (citing *Mitchell*, 103 U.S. at 64-66, and *Weil v. Markowitz*, 898 F.2d 198, 200 (D.C. Cir. 1990)). It is unclear whether the Federal Circuit intended this to be an overarching consideration for both nunc pro tunc relief and substitution, however, both of the cases cited apply to nunc pro tunc relief and make no mention of substitution.