KASOLD, Judge,
with whom DAVIS, Judge, joins, dissenting:
The underlying panel opinion in Pekular v. Mansfield creates an unnecessary, artificial barrier to substitution that has the unfortunate effect of forcing surviving spouses and dependents to present issues already decided contrary to their interest to the agency that rendered that adverse decision, and suffer the delay inherent in the administrative and judicial appeal processing attendant thereto before the adverse ruling can be judicially reviewed. See 21 Vet.App. 495 (2007). This decision affects a tremendous number of cases and it presents an issue of exceptional importance warranting full-Court consideration. *8 See U.S. Vet.App. R. 35(c) (establishing criteria for full-Court consideration). Accordingly, I respectfully dissent from the Court’s denial of such consideration.
Rule 43 of the Court’s Rules of Practice and Procedure (Rules) authorizes parties to be substituted, as permitted by law. Such a permitted instance is when the movant has an interest in the pending matter. Cf. Fed.R.Civ.P. 17, 25 (permitting substitution of real parties in interest upon death of a party). It is without question that a veteran’s surviving spouse[1] has an interest in the outcome of his or her deceased spouse’s appeal with regard to a claim for disability compensation. This is so because the spouse is an accrued-benefits beneficiary, and the spouse’s claim is directly derivative of the deceased veteran’s claim. See Padgett v. Nicholson, 473 F.3d 1364, 1369 (Fed.Cir.2007) (Padgett III); Zevalkink v. Brown, 102 F.3d 1236, 1242 (Fed.Cir.1996). Thus, any reversal of a Board decision denying benefits necessarily establishes the right to the accrued benefits.
Many years passed after the Court’s holding in Landicho v. Brown, 7 Vet.App. 42 (1994), and the decision of the U.S. Court of Appeals for Federal Circuit (Federal Circuit) in Zevalkink, before the Court recognized that an accrued-benefits beneficiary could be substituted for a deceased veteran in a case involving a disability compensation claim. Succinctly stated, the Court held in Landicho that (1) a compensation claim did not survive the veteran, (2) when a veteran dies while his claim is on appeal, the Board decision should be vacated to avoid any preclusive effect on an accrued-benefits claim, and (3) substitution could not be permitted. See Landicho, 7 Vet.App. at 46-49. Although Zevalkink only approved of this approach, but did not mandate it, see Zevalkink, 102 F.3d at 1244 (noting the possibility that Court could remand the matter for certification of a party seeking substitution as an accrued-benefits beneficiary under statute), the Court nevertheless refused to consider substitution for an accrued-benefits beneficiary until a panel did so very recently, see Nolan v. Nicholson, 20 Vet.App. 340, 345 (2006).
It is thus particularly ironic that now, when substitution is just again being recognized as a viable option, that a panel of the Court establishes an unnecessarily restrictive barrier to substitution, i.e., that the Court will not permit substitution unless prior to death the deceased veteran completed all briefing or expressly waived complete briefing. Although the panel ostensibly relies on Padgett III for establishing this barrier, nothing in that case requires such action. Rather, Padgett III reiterates the fact that an accrued-benefits claim is derivative of the veteran’s claim and establishes very clearly that the accrued-benefits beneficiary has an interest and therefore has standing in the veteran’s case on appeal. See Padgett III, 473 F.3d at 1369-71. The Federal Circuit also explicitly noted the futility of an accrued-benefits beneficiary seeking a changed ruling from the Secretary, thus only delaying judicial review of the matter if substitution is denied and the matter is remanded. See id. at 1370.
Although there is discussion in Padgett III regarding the fact that the underlying appeal in that case had been submitted for decision, that was wholly in the context of whether issuance of a decision after the death of a party appropriately can be done nunc pro tunc. See id. at 1367-69 (citing Harris v. Comm’r, 340 U.S. 106, 113, 71 *9 S.Ct. 181, 95 L.Ed. 111 (1950); McDonald v. Maxwell, 274 U.S. 91, 99, 47 S.Ct. 497, 71 L.Ed. 942 (1927); Quon Quon Poy v. Johnson, 273 U.S. 352, 359, 47 S.Ct. 346, 71 L.Ed. 680 (1927); Bell v. Bell, 181 U.S. 175 179, 21 S.Ct. 551, 45 L.Ed. 804 (1901); and Mitchell v. Overman, 103 U.S. 62, 64-66, 26 L.Ed. 369 (1880)). Submission of the case was not a prerequisite for substitution. Moreover, when a party is substituted, that party assumes the case at the point where the original party left it-even when briefing is incomplete or arguments have yet to be made; that is, the case stands as if the substituted party had been the original party. See 59 Am.JuR.2d Parties § 359 (2002); see also Fed.R.CivP. 25(a)(1) (establishing as the only criterion for substitution that a proper party in interest must seek substitution within 90 days after the death of the original party is suggested on the record).
Further, the panel establishes this artificial barrier in conflict with our Rules, which permit substitution as authorized by law. See U.S. Vet.App. R. 43. Although it is true that a panel decision is prece-dential, it does not follow that our Rules should be changed by a panel. Rather, changes to our Rules should go through the established rule-promulgating procedures that generally include the participation of our Rules Advisory Committee and other interested parties. See 38 U.S.C. § 7264(a); 28 U.S.C. § 2071(b); U.S. Vet.App. R. 40(a). Indeed, the Court, the bar, and the parties would be better served by following our normal practice.
In the end, it is the accrued-benefits beneficiary who has the interest in the matter,[2] and substituting such a person should be within the discretion of the Court so long as it does not alter the substantive grounds of the litigation. See 59 Am.Jur.2d Pabties §§ 322 (2002) (substitution granted liberally except when the effect is to state a new cause of action or otherwise prejudicial to the other party), 328 (substitution is within the discretion of the court). When requested, substitution should be granted liberally on a case by case basis considering the totality of the circumstances, including the interests of justice, timely resolution of the matter, and judicial economy. Substitution should not be denied because of an arbitrary barrier.
Should en banc review of this issue be sought again, see U.S. Vet.App. R. 35(c) (authorizing a motion for en banc review), or changes suggested to our Rules, see U.S. Vet.App. R. 40 (Rules Advisory Committee may recommend changes), to overturn the unfortunate effect of the underlying panel decision, I would urge my colleagues to grant the review or change our Rules so that substitution may again be permitted when a third party has interest and when such substitution is otherwise warranted in a particular case.

. Congress has expressly provided that a veteran's surviving spouse, children, and dependent parents are potential accrued-benefits beneficiaries. See 38 U.S.C. § 5121(a)(2).

. See also Veterans Quality of Life Study Act of 2007, H.R. 4084, 110th Cong. § 3 (1st Sess.2007) (legislation to substitute a potential accrued-benefits beneficiary upon the death of a claimant pending final adjudication on a claim for any VA benefit).