**TOY WING YOW v. NAGLE, Commissioner of Immigration.**

Circuit Court of Appeals, Ninth Circuit.
February 13, 1928.

No. 5259.

Aliens ⊗�longdash32(8)—Discrepancy in testimony held to justify exclusion of Chinese boy, claiming citizenship of father.

Discrepancy in testimony in behalf of a Chinese boy, seeking admission as son of native-born resident, *held* material, and to justify his exclusion.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Petition of Toy Wing Yow against John D. Nagle, Commissioner of Immigration for the Port of San Francisco, Cal., for writ of habeas corpus. From an order denying the writ, petitioner appeals. Affirmed.

George A. McGowan, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. The appellant, a lad 12 years of age, claiming to be the foreign-born son of Toy Ping Chee, a native-born citizen of the United States, was denied admission to the United States for failure of proof of his relationship to his alleged father. He appeals from the order in the court below, which dismissed his petition for habeas corpus upon a hearing had upon the petition and the proceedings upon which admission had been denied him. The petition alleged that the hearing upon the appellant's application for admission was unfair, in that the evidence presented to the commissioner and to the board of special inquiry was of so conclusive a character that it was abuse of discretion to reject the same.

The conclusion of the commissioner and the board was based upon certain discrepancies between the testimony of the applicant and that of others, especially that of his alleged brother, given in the year 1917, at the time when the latter was permitted to land as a son of said Toy Ping Chee. Toy Wing Guey testified at that time concerning the neighboring families in the native village from which he and the applicant purported to have come, and concerning the names and ages of children who lived in an adjoining house. He said that there were three children in that house—Toy Ting Sing, a boy 16 or 17 years old; Toy Tew, a girl 18 or 19 years old; and Toy See, a boy 8 or 9 years old. The applicant testified, as to the same children, that in 1927 Toy Ting Sing was 20 years old, Toy Tew was 19 years old, and that Toy See was 8 or 9 years old, and had been his schoolmate during the past year. From these discrepancies, and the manner in which his testimony was given, the chairman of the board was of the opinion that the appellant had been coached, and that he had failed to make allowance for the 10 years that had elapsed since his brother's said testimony had been given.

The discrepancies cannot be dismissed as unimportant. They went to the very crux of the appellant's claim of relationship to his alleged father, and were sufficient to justify its rejection by the officers whose duty it was to act in the premises. Said the court in Quock Ting v. United States, 140 U. S. 420, 11 S. Ct. 734, 35 L. Ed. 501: "He may be contradicted by the facts he states as completely as by direct adverse testimony; and there may be so many omissions in his account of particular transactions, or of his own conduct, as to discredit his whole story. His manner, too, of testifying, may give rise to doubts of his sincerity."

The judgment is affirmed.