## LEE HOW PING v. NAGLE, Commissioner of Immigration.

Circuit Court of Appeals, Ninth Circuit.
December 17, 1929.

No. 5983.

Geo. A. McGowan and H. H. North, both of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and Geo. N. Crocker, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge. This is an appeal from an order refusing to issue a writ of habeas corpus. The record was presented to the District Court in accordance with its new rule by which the petitioner and respondent furnish with the petition and on the order to show cause, respectively, such portions of the record before the immigration authorities as the respective parties deem relevant to the question at issue.

The order of exclusion was based upon some discrepancies between the applicant and his witnesses. It is claimed that petitioner and appellant is the son of Lee On, a citizen of the United States by reason of his birth here. The petitioner was born in China in 1915. The record contains overwhelming evidence taken at various times and adduced by various witnesses to the effect that Lee On had a son born in China in 1915 named Lee How Ping, and Lee On testifies that the applicant is that son. An alleged brother testifies to the same effect, as does the applicant. Judged by ordinary standards the evidence of such relationship is overwhelming. However, the determination of the immigration officials is based upon certain discrepancies in the testimony which in their judgment justifies the conclusion that the applicant is an imposter and the testimony as to his relationship to Lee On false and unworthy of belief. The testimony on record in the Immigration Service, taken at previous hearings, indicates that the applicant's brother, Lee Fong, lived in the home of an uncle, Lee Poy, with the applicant, from the time of the death of their mother in 1916 until the return to China of their father, Lee On, in 1921, and that they occupied the same room; that is, until the applicant was six years old. The applicant, on the other hand, testifies that he has no recollection of being in his uncle's house with his alleged brother. Said records also show that Lee How Ping attended school in their native village with his brother, Lee Fong, for nearly two years before Lee Fong came to the United States in 1922, and that a cousin, Lee Sing, also attended the same school at that time and as late as 1926, and that Lee How Ping had attended that school ever since 1921. The applicant testifies that he does not remember attending school with either Lee Fong, his brother, or Lee Sing, his cousin. Other discrepancies concerning the neighbors, across the street, and in the rear of the alleged home of applicant, were also developed. These discrepancies are of the sort that tend to show that the applicant was not a member of Lee On's family as claimed, and therefore the decision of the immigration authorities, having been arrived at by due process of law, cannot be disturbed. The argument pressed upon us is that the youth of the applicant fully accounts for his lapse of memory or lack of observation. Such an argument is most proper before the immigration authorities, but cannot avail here, unless such conclusion is so inevitable as to justify the court in concluding that the decision of the immigration authorities is so obviously wrong as to conclusively indicate either bad faith on the part of the immigration authorities in arriving at their judgment and decision; or what amounts to the same thing, an entire and willful disregard of the probative value of such discrepancies, in the case of a youth such as the appellant. No such case appears here.

The order is affirmed.