## WONG WING SIN v. NAGLE, Commissioner of Immigration.

### No. 6528.

Circuit Court of Appeals, Ninth Circuit.

Dec. 7, 1931.

Stephen M. White, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and H. A. Van Der Zee, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

WILBUR, Circuit Judge.

This is an appeal from a denial of a petition of Wong Guey At for writ of habeas corpus for the petitioner's alleged son Wong Wing Sin, who was denied admission to the United States by the immigration authorities and ordered returned to China. The petitioner is an American citizen, and for that reason claims that his alleged son Wong Wing Sin, born in China, is entitled to admission as an American citizen. He was denied admission because the testimony of petitioner and his alleged sons showed discrepancies which in the judgment of the immigration authorities justified the rejection of their testimony.

We are here dealing with the familiar question as to whether or not such rejection was so arbitrary as to have deprived the applicant for admission of a fair trial. When the alleged father, Wong Guey At, returned from China on January 7, 1900, he stated that he was not married, although he now claims that he was married on March 6, 1898, to the mother of the applicant and of Wong Wing Gong, a prior landed brother of Wong

Wing Sin, who was born January 9, 1899. Wong Wing Gong was admitted to the United States as an American citizen in July, 1913. He has made several trips to and from China. Wong Wing You, the alleged second son of the petitioner, was admitted as an American citizen in July, 1913. When Wong Wing Gong applied for admission to the United States in March, 1919, upon returning from a visit to China, his application was denied by the Bureau of Immigration at Washington, and he departed for China. Upon his return, August 4, 1921, he was again denied admission by a Board of Special Inquiry, but, upon appeal taken to the Secretary of Labor, he was admitted. Thus, two older sons of the petitioner have been admitted to the United States as citizens thereof. The present applicant for admission, Wong Wing Sin, is aged sixteen, and is claimed to be the fourth son of the applicant, born September 14, 1915.

One of the discrepancies relied upon by the immigration authorities in rejecting the application of Wong Wing Sin for admission is that, when Wong Wing Gong arrived from China October 15, 1930, he stated that he had three sons, Wong Sing Ming, aged 10, born December 21, 1921; Wong You Ming, aged 4, born December 13, 1927; and Wong Fuey Ming, aged 2, born March 15, 1929. Upon the present application for admission of his alleged brother, however, Wong Wing Gong reverses the age and date of birth of the last two children, giving the age of Wong Fuey Ming as 4, and Wong You Ming as 2. He was examined somewhat at length in regard to his statement, and his attention was called to the testimony he had given at the time of his landing in 1930, and he explained that his statement made at that time must have been incorrectly reported. On the other hand, the petitioner, who is admittedly the father of Wong Wing Gong, testified on this hearing to the same names and the same order of birth of the sons of Wong Wing Gong that Wong Wing Gong had stated on his admission in 1930, and the applicant Wong Wing Sin agrees with his alleged father in regard to the names and order of birth of his alleged brother's children. It must be conceded that mistakes may be made in giving the ages and the date of birth of children, particularly by fathers. But to reverse the order of birth, giving exact age and exact date of birth, is not reasonably to be expected, and the explanation given by the father of these children as to the variation between his statements made in 1930 and 1931 is about the only reasonable explanation that could be made; namely, that his statement had been incorrectly reported at the previous hearing. The singular thing about this situation is that petitioner, the alleged grandfather of these children, and the applicant, the alleged uncle of these children, give the names, ages, and birth dates in exact accord with the previous statement of Wong Wing Gong. If, as Wong Wing Gong asserts in his testimony upon the present application, he gave these ages and birth dates correctly upon this hearing, and that he was incorrectly reported on the previous hearing with reference thereto, it is at least singular that the testimony of the alleged father and the alleged brother should both conform to the previous and erroneous statement, and neither conforms to what is now asserted by the father of these children to be the truth. If we assume that Wong Wing Gong is the son of Wong Guey At, as was determined when he was admitted to the United States, it would seem unreasonable to reject the testimony both of his father Wong Guey At and of his alleged brother Wong Wing Sin that Wong Wing Sin is the son of Wong Guey At because Wong Wing Gong had changed his testimony with reference to his own sons' date of birth and ages. In other words, it would seem unreasonable to reject the testimony of the other witnesses upon the present hearing because Wong Wing Gong, a corroborating witness, had changed his own testimony. The situation here, however, is not quite so simple, because, if we accept the present testimony of Wong Wing Gong as to the dates and order of birth of his sons, the applicant and his alleged father, the petitioner, both testified erroneously as to members of their immediate family, and, singularly enough, agreed to an erroneous statement previously made of record by Wong Wing Gong.

In Lee Get Nuey v. Nagle, 53 F.(2d) 208, decided November 2, 1931, we sustained the order of the trial court denying a writ of habeas corpus where the alleged father of the applicant had misstated the ages and dates of birth of his children. Here we have the same situation with reference to the grandchildren of the alleged father of the applicant, if the testimony of Wong Wing Gong is accepted.

There were other discrepancies in the testimony relied upon by the Secretary of Labor in rejecting the testimony of applicant's witnesses. In the course of their examination by the immigration authorities, they were asked to give the number of houses in the village and draw a diagram thereof.

The father represented that the village consisted of fourteen dwellings and a lantern house, while the applicant and his alleged brother represented that the village consisted of only thirteen houses and the lantern house. They all gave the names of the owners of these houses alike, with the exception of the house of Wong Him, which the father represented as diagonally opposite his house, with only one house between. There is a direct conflict in the testimony of the witnesses as to the members of the family who visited the ancestral graves in 1930, and as to the whereabouts of one of the petitioner's sons at that time. There is a discrepancy in the testimony as to the time when the building immediately in front of the residence of Wong Guey At was constructed. The alleged father testified that the house was built before 1921. The alleged brother, Wong Wing Gong, testified substantially in accord with the alleged father, but the applicant testified that the house had been completed only two years, and that it was begun "shortly after the Chinese New Year of last year." There is another discrepancy as to a neighbor named Wong Gay Lut, the owner of a water buffalo, according to the testimony of the applicant. The alleged father testified that he did not know this man, and that there was no water buffalo in the village. Later he changed his testimony, saying that there was a water buffalo in the village belonging to Wong Him. The applicant stated that he went back to school for about three weeks after the summer vacation in 1930, while the alleged father testified that the applicant did not go back to school after the vacation or at any time before they departed together to come to the United States.

Order affirmed.