## WONG YING WING v. PROCTOR, Commissioner of Immigration.

### No. 7674.

Circuit Court of Appeals, Ninth Circuit.

May 6, 1935.

Edward H. Chavelle, of Seattle, Wash. (Walter H. Newton, of Minneapolis, Minn., of counsel), for appellant.

J. Charles Dennis, U. S. Atty., and F. A. Pellegrini, Asst. U. S. Atty., both of Seattle, Wash., and Owen P. Hughes, Asst. U. S. Atty., of Tacoma, Wash. (J. P. Sanderson, U. S. Immigration and Naturalization Service, of Seattle, Wash., on the brief), for appellee.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

WILBUR, Circuit Judge.

On May 29, 1934, Wong Ying Wing, a Chinese, applied for admission into the United States as a native-born citizen thereof, having left the United States in 1932 to make a trip to China. On August 5, 1930, he applied to the United States Immigration officials at Minneapolis for a citizen's return certificate for the purpose of proving a citizenship status and facilitating his readmission to the United States at the termination of a contemplated visit to China. This application was duly investigated, was denied, and disapproved by the Assistant Commissioner of Immigration on August 21, 1930, on the ground that the appellant had not proved his claim of birth in this country. On January 12, 1931, the Secretary of Labor, after further examination, dismissed appellant's appeal from this decision on the ground that appellant had not proved his claim of birth in this country. Notwithstanding this action, appellant left the United States January 9, 1932, and returned May 29, 1934. He was given the usual hearing before a Board of Special Inquiry at the Seattle Immigration Station on his application for admission into the United States as a native-born citizen thereof, which was denied, for the reason that he had failed to prove his claim of birth in the United States; that he was not in possession of an unexpired immigration visa; that he is an alien ineligible to citizenship, not a member of any of the classes specified in section 13 (c) of the Immigration Act of 1924 (8 USCA § 213 (c). From this decision of the Board applicant appealed to the Secretary of Labor who dismissed the appeal and directed that appellant be returned to China. A petition for writ of habeas corpus in the District Court of the United States for the Western District of Washington, Northern Division, was denied, from which order this appeal is taken.

Appellant testified that he was born at 16½ Waverly place in San Francisco, Cal., November 11, 1899; that a brother, Wong Moon Fay, born September 24, 1884, and a sister, Wong Yee Gook, born in March, 1896, at the same address; that the sister died in 1918 leaving one daughter; that he has never heard from his sister's husband or child since the sister died; that he lived in the United States all his life until his departure for China January 9, 1932. From appellant's testimony in this case it appears that appellant never saw nor kept in touch with his alleged brother from the time he left San Francisco in 1915 until he went to Minneapolis where the alleged brother lived.

Appellant testified that he lived in the house in Waverly place in San Francisco until the earthquake and fire of 1906 when he moved with his parents to Oakland where they remained for one year, when they returned to San Francisco where he lived until 1915 at 812 Washington street, with his parents, and that he never lived at 845 Washington street, as was testified to in another hearing in 1906 by the alleged parents and by one Wong Toy, as will be explained later. Appellant further claims to have been in Pittsburgh, Pa., in 1917, that

he registered for the draft in that year, but upon investigation no record can be found in the War Department of such registration. He claims he lost his registration card.

The testimony of the alleged parents and an alleged brother given in other immigration hearings is practically the only evidence appellant has. The alleged parents left this country for China in January, 1920, where they are now. The brother testified in this case. Upon returning from China October 11, 1903, the alleged brother, Wong Moon Fay, claimed admission to the United States as a native-born citizen, and during the course of the investigation he and his parents testified in agreement that two sons and one daughter were born to the mother at 16½ Waverly place, San Francisco, as follows: Wong Moon Fay, 19 years old; Wong Wing Ying, 7 years of age (now claimed to be appellant); Wong May Yu, 11 years of age, a daughter. As stated above, claimant claims to have been born in 1899 and at the time of his application for re-entry would therefore be 35 years of age; the above testimony of the alleged parents and brother that he was 7 years of age in 1903 would make him 38 in 1934.

On September 10, 1906, a Chinese named Wong Toy applied for admission to the United States as a native-born citizen, claiming to be the son of Wong Hung Gee and Lim Shee, the alleged parents of appellant, and to have been born in San Francisco at 845 Washington street. In support of the claim of Wong Toy, the alleged parents testified they had four sons and three daughters, born at 845 Washington street. They gave the names and ages of two children as Wong Ying, 20 years old, a daughter, and Wong Wing (said to be the appellant), 16 years old. If appellant were 16 years of age in 1906 he would have been 44 years of age in 1934 instead of 35 as he claims.

When asked at his hearing why his alleged parents had so testified as above as to his age, he stated that he did not know.

On June 27, 1934, appellant's alleged brother, Wong Moon Fay, in testifying on behalf of appellant, identified a photograph of Wong Ying Wing. He stated he was born in San Francisco, 16½ Waverly place, but that he had forgotten the year. Upon being asked, "The records also show that you testified in 1918 that you had three brothers and two sisters and their names were given as Wong Toy, Wong Jung, Wong Wing, Wong Lim and Wong Mee Ngook. How do you explain that statement," he answered, "My mother wanted me to testify in that way and I did it in respect to her wishes, but the testimony was not correct at all. Later on I went to the Immigration officials and told them the truth, that I had only one younger brother and a sister. Their names were Wong Ying Wing and Wong Mee Ngook." Owing to the discrepancies in the testimony of both the alleged parents and the alleged brother, they are all discredited as witnesses. Quan Wing Seung v. Nagle, 41 F.(2d) 58 (C. C. A. 9); Ngai Kwan Ying v. Nagle, 62 F.(2d) 166 (C. C. A. 9). If this testimony is rejected there is left no evidence that appellant was born in this country except his own statement to that effect. In view of the inconsistencies and contradictions in the evidence, it cannot be said that the Board acted in an arbitrary manner in holding that the appellant had not established that he was born in the United States.

Order affirmed.