## LEE BOW SING et al. v. PROCTOR.
### No. 8097.

Circuit Court of Appeals, Ninth Circuit.
April 23, 1936.

Sullivan & Wheeler, of Seattle, Wash. (John Rowe Wheeler, of Seattle, Wash., of counsel), for appellants.

J. Charles Dennis, U. S. Atty., and Gerald Shucklin and F. A. Pellegrini, Asst. U. S. Attys., all of Seattle, Wash. (J. P. Sanderson, U. S. Immigration and Naturalization Service, of Seattle, Wash., on the brief), for appellee.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellants, Lee Bow Sing and Lee Bow Hoy, sought admission to the United States as citizens thereof, claiming to be children of Lee Leng Tue, who, it is conceded, is a citizen of the United States.

Their case was heard by a Board of Special Inquiry appointed under section 17 of the Immigration Act of February 5, 1917, c. 29, 39 Stat. 887, 8 U.S.C.A. § 153. The Board determined that appellants were not children of Lee Leng Tue, that they were not citizens, and that they should not be admitted. That determination was upheld by the Secretary of Labor. Appellants then applied to the District Court for a writ of habeas corpus and, from an order denying the writ, have appealed to this Court.

■ The Secretary's decision denying appellants admission to the United States is final and conclusive, unless it be shown that the proceedings were manifestly unfair[1]; that the executive officers charged with the administration of the statute acted in some unlawful or improper way[2]; that they abused their discretion[3]; that their action was such as to prevent a fair investigation[4]; or that their authority was not fairly exercised, that is, consistently with the fundamental principles of justice embraced within the 'conception of due process of law[5].

■ Appellants' petition for habeas corpus states that the hearing in this case was "unfair and improperly conducted," but does not state how, why, or wherein. In appellants' brief it is argued that the proceedings were unfair and that the findings of the Board and the decision of the Secretary were arbitrary and unlawful, in that "there is no legal evidence in the record to sustain them." This argument assumes, erroneously, that the burden of proof was on appellee. Actually, of course, the burden was on appellants. Mui Sam Hun v. United States (C.C.A.9) 78 F.(2d) 612, 615; Yep Suey Ning v. Berkshire (C.C.A. 9) 73 F.(2d) 745; Hoo Gan Tze v. Haff (C.C.A.9) 67 F.(2d) 234, 236; Ex parte Wong Foo Gwong (C.C.A.9) 50 F.(2d) 360, 362; White v. Chan Wy Sheung (C. C.A.9) 270 F. 764, 766.

■ To establish their alleged citizenship, appellants relied on the testimony of their alleged father, Lee Leng Tue, who, at the

---

[1] Low Wah Suey v. Backus, 225 U.S. 460, 468, 32 S.Ct. 734, 56 L.Ed. 1165; Kwock Jan Fat v. White, 253 U.S. 454, 457, 40 S.Ct. 566, 64 L.Ed. 1010.

[2] Tang Tun v. Edsell, 223 U.S. 673, 675, 32 S.Ct. 359, 56 L.Ed. 606; Quon Quon Poy v. Johnson, 273 U.S. 352, 358, 47 S.Ct. 346, 71 L.Ed. 680.

[3] Tang Tun v. Edsell, supra; Low Wah

Suey v. Backus, supra; Kwock Jan Fat v. White, supra; Quon Quon Poy v. Johnson, supra.

[4] Low Wah Suey v. Backus, supra; Kwock Jan Fat v. White, supra.

[5] Tang Tun v. Edsell, supra, 223 U.S. 673, at page 681, 32 S.Ct. 359, 56 L.Ed. 606; Low Wah Suey v. Backus, supra.

hearing of appellants' case, testified that appellants were the children of himself and his wife Ng Shee, that Ng Shee was the only wife he had ever had, and that he had never had a wife named Low Shee. Later, at the same hearing, he testified that he had had a wife named Low Shee, but that he had never had a wife named Chen She. Still later, at the same hearing, he testified that he had had a wife named Chen She, and, later still, that he had had two wives, but had forgotten his first wife's name.

Also, at the same hearing, the alleged father testified that appellant Lee Bow Sing was born in 1924; that appellant Lee Bow Hoy was born in 1929; that both appellants lived in his, the alleged father's, house in Canton City, China, from their birth until 1935; that their paternal grandmother, Chun Shee, lived continuously in the same house, as a member of appellants' family, from 1920 until her death in 1933; that she died in that house; that both appellants attended her funeral and, in the early part of 1935, went with their alleged father to worship at her grave. Both appellants testified that they had never seen their grandmother, did not know her name, did not attend her funeral, and had never worshipped at her grave.

Because of these and numerous other discrepancies, the Board and the Secretary rejected the alleged father's testimony and held that the claimed relationship did not exist. Such action was well warranted. Wong Ying Wing v. Proctor (C.C.A.9) 77 F.(2d) 135; Yep Suey Ning v. Berkshire, supra; Ngai Kwan Ying v. Nagle (C.C.A.9) 62 F.(2d) 166; Hom Lay Jing v. Nagle (C.C.A.9) 57 F.(2d) 653; Wong Wing Sin v. Nagle (C.C.A.9) 54 F.(2d) 321; Louie Hing Fong v. Nagle (C.C.A.9) 53 F.(2d) 739; Lim Wun v. Nagle (C.C.A.9) 52 F.(2d) 396; Louie Lung Gooey v. Nagle (C.C.A.9) 49 F.(2d) 1016; Quan Wing Seung v. Nagle (C.C.A.9) 41 F.(2d) 58; Lee How Ping v. Nagle (C.C.A.9) 36 F.(2d) 582; Toy Wing Yow v. Nagle (C.C.A.9) 24 F.(2d) 203.

There is nothing to show that the proceedings were unfair, or that they were conducted in an unlawful or improper way, or that there was any abuse of discretion or any denial of appellants' right to due process of law. The Secretary's decision is, therefore, final and conclusive.

Order affirmed.