## WONG CHOY v. HAFF.

### No. 8057.

Circuit Court of Appeals, Ninth Circuit.

May 25, 1936.

Russell P. Tyler, of San Francisco, Cal., for appellant.

H. H. McPike, U. S. Atty., and Robert L. McWilliams, Asst. U. S. Atty., both of San Francisco, Cal. (Arthur J. Phelan, U. S. Immigration and Naturalization Service, of San Francisco, Cal., on the brief), for appellee.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant, a Chinese person, sought admission to the United States, claiming to be a native-born citizen thereof. His case was heard by a Board of Special Inquiry appointed under section 17 of the Immigration Act of February 5, 1917, c. 29, 39 Stat. 887, 8 U.S.C.A. § 153. The Board determined that appellant was not born in the United States, was not a citizen thereof, and should not be admitted. That determination was upheld by the Secretary of Labor. Appellant then applied to the District Court for a writ of habeas corpus and, from an order denying the writ, has appealed to this court.

The Secretary's decision denying appellant admission to the United States is final and conclusive, unless it be shown that the proceedings were manifestly unfair; that the executive officers charged with the administration of the statute acted in some unlawful or improper way; that they abused their discretion; that their action was such as to prevent a fair investigation; or that their authority was not fairly exercised, that is, consistently with the fundamental principles of justice embraced within the conception of due process of law. Lee Bow Sing v. Proctor (C.C.A.9) 83 F.(2d) 546, decided April 23, 1936.

Appellant's petition for habeas corpus alleges, on information and belief, that the hearing and proceedings in his case and the action of the Board and the Secretary were in excess of the authority committed to them by the statute, and were an abuse of such authority, in that the denial of appellant's application to enter the United States was based on mere suspicion and conjecture and on discrepancies in the testimony of himself and his witnesses; that said discrepancies were not serious and did not relate to material matters; and that the evidence introduced on his behalf "was of such a conclusive kind and character and of such legal weight and sufficiency that it was an abuse of discretion * * * not to be guided thereby."

Attached to and made a part of appellant's petition is a summary of the evidence before the Board of Special Inquiry. It appears therefrom that the only evidence offered by or on behalf of appellant was the testimony of himself and two other Chinese witnesses, Leo Bonnd and Lee Gim. All testified that appellant was born in San Francisco, Cal., on June 7, 1903. Appellant testified that he, with his parents and a younger sister, departed from San Francisco in February, 1905, and went to China, and that appellant lived in China from then until 1935. Leo Bonnd and Lee Gim testified that appellant and his family were living in San Francisco at the time of the earthquake and fire of April 18, 1906, and departed for China shortly thereafter. Both witnesses testified that they accompanied appellant and his family to the steamer at the time of their departure for China, but each witness testified that he never knew the other until five or six years ago.

Leo Bonnd testified that he corresponded regularly with appellant's father, and later with appellant, after their departure for China, but was unable to recall appellant's father's name. He further testified that he and appellant had been writing letters to each other once or twice a year ever since appellant was eleven or twelve years old. Appellant testified that he never wrote a letter to or received a letter from Leo Bonnd until 1934. Leo

Bonnd also testified that he had seen a photograph of appellant which appellant had sent him from China when appellant was twelve or thirteen years old. Appellant testified that he was never photographed until four or five years ago.

Lee Gim testified that he visited appellant at appellant's home in China in 1920 and again in 1927; that at the time of the latter visit appellant's father was dead; and that he (Lee Gim) never saw appellant's mother in China, but did see and was introduced to appellant's wife. Appellant testified that both his parents were present each time Lee Gim visited him in China; that appellant's father did not die until 1930; and that Lee Gim never met appellant's wife, because she happened to be out when he called.

In view of these and other discrepancies, the Secretary of Labor was warranted in rejecting the testimony of appellant and his witnesses that he was born in the United States. The Secretary was not obliged to believe this testimony, even though appellee introduced no direct evidence to the contrary. United States ex rel. Tisi v. Tod, 264 U.S. 131, 133, 44 S.Ct. 260, 68 L.Ed. 590; Mui Sam Hun v. United States (C.C.A.9) 78 F.(2d) 612, 616; Wong Fat Shuen v. Nagle (C.C.A.9) 7 F.(2d) 611, 612.

Appellant complains of the action of the Board and the Secretary in receiving and considering, as evidence, reports of searches of records showing departures from the United States, which records failed to substantiate the testimony of appellant and his witnesses. Whether such evidence was admissible or not, it is unnecessary to decide. Disregarding it entirely, there was ample warrant for rejecting the testimony offered by appellant. Appellant, not appellee, had the burder of proof. Lee Bow Sing v. Proctor, supra.

There is nothing to show that the proceedings were unfair, or that they were conducted in an unlawful or improper way, or that there was any abuse of discretion or any denial of appellant's right to due process of law. The Secretary's decision is, therefore, final and conclusive.

Order affirmed.