**WONG GIM NGOON v. PROCTOR et al., Immigration and Naturalization Com'r.**

No. 8588.

Circuit Court of Appeals, Ninth Circuit.

Dec. 14, 1937.

Rehearing Denied Jan. 5, 1938.

John L. McNab and S. C. Wright, both of San Francisco, Cal., for appellant.

J. Charles Dennis, U. S. Atty., and Gerald Shucklin, Asst. U. S. Atty., both of Seattle, Wash. (J. P. Sanderson, of Seattle, Wash., Immigration and Naturalization Service, on the brief), for appellee.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

The court below denied a petition for a writ of habeas corpus filed by appellant, and from the order denying the writ this appeal was taken.

Appellant is a Chinese boy about 14 years old, who arrived at the port of Seattle on September 30, 1936. He applied for entry into the United States on the ground that he is an alleged foreign-born son of Wong Mon Fay, an alleged native-born citizen of the United States. On October 19, 1936, a Chinese boy named Wong Suey Tung arrived at the same port, and applied to be admitted into the United States as a foreign-born son of Wong Toy, an alleged native-born citizen of the United States. Both applications were considered as a single case. Hearings began on November 16, 1936.

Appellant testified that Wong Mon Fay was his father, who was born in the United States; that his father's parents were Wong Hung Gee and Lim Shee, who were living in Ock Sing village in China; that his father (Wong Mon Fay) had only one brother and one sister; that Lim Shee had bound feet; and that the windows in the bedroom in their house in China had no glass.

On the same day the other applicant testified that Wong Toy had four brothers and

no sisters; that the parents of Wong Toy, who lived in Hoy Ping city in China, were Wong Hung Gee and Lim Shee, the latter having released feet.

The applications were then referred to the immigration office in St. Paul, Minn., for the taking of further testimony.

On behalf of appellant, Wong Mon Fay, on December 1, 1936, testified that he was born in San Francisco; that his parents were Wong Hung Gee and Lim Shee, who were living in Ock Sing village in China; that the latter had natural feet; that the windows in the bedrooms of his house in China had no glass; that he had only one brother and one sister; and that Wong Toy was not related to him. On the same day, the alleged first and second sons of Wong Mon Fay testified to the same effect.

On December 4, 1936, Wong Toy testified on behalf of the other applicant, that he was born in San Francisco; that he had three brothers and three sisters; that his parents were Wong Hung Gee and Lim Shee, who were living in Hoy Ping city in China; and that Lim Shee had natural feet. Regarding the testimony of Wong Mon Fay that Wong Toy was not his brother nor a son of Wong Hung Gee and Lim Shee, Wong Toy stated: "He said that because he is mad at me." On the same day, Wong Toy's alleged first son testified that Wong Toy was born in San Francisco, and had three brothers; that Wong Toy's parents were Wong Hung Gee and Lim Shee, who were living in Hoy Ping city in China.

The immigration officer who had examined all the witnesses in St. Paul, on December 5, 1936, wrote:

"As will be noted by the transcript, testimony taken from Wong Mon Fay and his two alleged sons Wong Gim Poy and Wong Gim Toung and all questions were answered in detail and corroborated that given by the applicant Wong Gim Ngoon in practically all respects. All three witnesses made an excellent impression and gave their testimony readily without hesitation. The witnesses Wong Toy and Wong Kim Pang, however, made a very poor impression and testimony was obtained with considerable difficulty. As will be noted by transcript, very little of the testimony given by these two latter witnesses is in agreement with that given by applicant Wong Suey Tung.

"At time of hearing, witness Wong Mon Fay again stated that Wong Toy was not his blood brother and that he was not the son of Wong Hung Gee and Lim Shee. Wong Toy, however, insists that Wong Mon Fay is his blood brother. In view of the unsatisfactory showing made by Wong Toy and his alleged son Wong Kim Pang, it would appear that Wong Mon Fay is telling the truth."

Transcripts of the testimony taken in St. Paul were sent to the immigration office in Seattle. On December 11, 1936, the alleged third son of Wong Mon Fay testified that the latter had one brother and one sister, and that all three were born in San Francisco; that Wong Mon Fay's parents were Wong Hung Gee and Lim Shee who were living in Ock Sing village in China; that Lim Shee had natural feet; and that the bedroom windows in their house in China had no glass.

On January 28, 1937, appellant was called before the Board of Special Inquiry and testified in response to questions as follows:

"Q. Will you again state what kind of feet, your paternal grandmother, Lim Shee, has? A. Natural feet.

"Q. Why did you state on your original examination that she had bound feet? A. She has bound feet * * *

"Q. Did you ever see your paternal grandmother Lim Shee, walking outside and around the house? A. Yes.

"Q. How did her manner of walking compare with your walking? A. She walked much slower than I, in a crippled manner like other bound-feet women.

"Q. Did you ever see the bindings on your paternal grandmother's feet? A. Yes."

At that time appellant also testified:

"Q. Have you any statement to make or do you desire to correct any of your testimony? A. I wish to say there is glass in the windows of my house.

"Q. When was this glass put in or how long has it been in the outside windows of your house? A. It has been there ever since I can remember.

"Q. How did you happen to remember at this time that there was glass in the windows of your house? A. After the original examination, I thought it over and remembered there was glass in the windows."

The Board of Special Inquiry considered with the evidence hereinbefore related, its files concerning Wong Mon Fay and his alleged prior-landed sons, and the files concerning Wong Toy and his alleged prior-

landed son and daughter, and also its files concerning Wong Ying Wing, an alleged brother of Wong Mon Fay.

Wong Mon Fay departed for China on November 7, 1902, and returned therefrom on October 11, 1903. At the hearing on his application for entry into the United States, he and his alleged parents, Wong Hung Gee and Lim Shee, all testified that the alleged parents had only three children, all of whom were born at 16½ Waverly place in San Francisco, and who consisted of two sons, Wong Mon Fay and Wong Ying Wing, and a daughter. All of the witnesses testified that Lim Shee had natural feet. Wong Mon Fay was admitted as a citizen.

Wong Mon Fay departed for China on September 4, 1907, and returned on July 27, 1911. At that time he made a sworn statement that he was born in San Francisco. He was admitted as a citizen and was issued a certificate of identity.

On March 29, 1918, Wong Mon Fay made application for a citizen's return certificate and made a sworn statement that he was born in San Francisco, and that he had three brothers, including Wong Ying Wing and Wong Toy, and two sisters. His application was denied, whereupon he submitted an affidavit stating that his alleged mother, Lim Shee, had told him that both the alleged parents had falsely testified that they were the parents of four boys and three girls, and that unless he, Wong Mon Fay, so testified, "he would have heaped upon him all the disadvantages which it would be pos-sible for angry parents to inflict on a son who had disobeyed their instructions"; that because of such parental threat he swore falsely in regard to the number of his brothers and sisters. He thereupon re-quested that the case be reopened, which request was denied on November 14, 1919. The alleged parents departed for China in 1920, and have not returned.

On March 7, 1921, Wong Mon Fay made another application for a citizen's return certificate, and testified on May 16, 1921, that he was born at 16½ Waverly place in San Francisco; that he had only one broth-er, Wong Ying Wing, and one sister; that Wong Toy was not the son of the parents nor his brother; and that his mother had natural feet. On that date two unrelated friends testified on his behalf. The applica-tion was denied on May 25, 1921, but an appeal to the Commissioner General was sustained. Wong Mon Fay departed for China on August 10, 1921 and returned January 13, 1926, bringing with him an alleged son.[1] Subsequently an alleged sec-ond son,[2] and an alleged third son[3] have arrived in the United States from China.

Wong Mon Fay has testified several times on behalf of his alleged sons. He also testified on behalf of his alleged brother, Wong Ying Wing.[4]

In addition to the testimony hereinbefore outlined, there has been additional testimony to the effect that the parents of Wong Mon Fay have been living in Ock Sing village in China and that Lim Shee, the alleged moth-

---

[1] The alleged first son arrived Janu-ary 13, 1926, and was admitted on Jan-uary 30, 1926. On August 22, 1929, he made application for a citizen's return certificate, and the application was grant-ed on September 16, 1929. He departed for China on September 21, 1929, and returned on August 25, 1931, at which time he was admitted. He again applied for a citizen's return certificate on Octo-ber 4, 1934, and the application was granted on October 13, 1934. He depart-ed for China on November 10, 1934, re-turned therefrom on April 29, 1936, and was admitted the following day.

[2] The alleged second son arrived on May 20, 1929, and was admitted on June 15, 1929. On August 28, 1929, he ap-plied for a citizen's return certificate, which was granted on September 15, 1930. He departed for China on Novem-ber 11, 1933, and returned on May 8, 1935, at which time he was admitted.

[3] The alleged third son arrived about January 13, 1930, and was admitted on February 7, 1930. On November 25, 1936, he applied for a citizen's return certificate, which was granted on Decem-ber 3, 1936. He departed for China on December 11, 1936. The files do not show whether or not he has as yet re-turned.

[4] Wong Ying Wing made application for a citizen's return certificate on July 16, 1930. His application was denied on August 21, 1930, and on January 12, 1931, his appeal was dismissed. Not-withstanding the foregoing, he departed for China on January 9, 1932, and re-turned on May 30, 1934. His application for admission was denied on July 13, 1934, and his appeal was dismissed on August 13, 1934. He thereupon filed a petition for a writ of habeas corpus in a United States District Court, which was denied on October 19, 1934. The order denying the writ was affirmed by this court on May 6, 1935. Wong Ying Wing v. Proctor, 9 Cir., 77 F.2d 135. He was deported on May 11, 1935.

er of Wong Mon Fay, has natural feet;[5] that Wong Mon Fay had only one brother and one sister;[6] that Wong Mon Fay was born in the United States;[7] that the bedroom windows in Wong Mon Fay's house in China had glass.[8] On August 5, 1930, and on June 27, 1934, Wong Mon Fay testified that he testified falsely in 1918 with respect to the number of his brothers and sisters because of his mother's request. On June 27, 1934, he also testified that Wong Toy was not his brother.

The file concerning Wong Toy shows that he departed for China on April 13, 1905, and returned therefrom on September 10, 1906. At that time the alleged parents, Wong Hung Gee and Lim Shee, and Wong Toy all testified that the parents had seven native-born children, all born at 845 Washington street in San Francisco, consisting of four sons and three daughters. The sons named included Wong Toy, Wong Mon Fay, and Wong Ying Wing. Wong Toy was thereupon admitted as a citizen.

Since that time Wong Toy has testified on his own behalf,[9] on behalf of an alleged son,[10] on behalf of an alleged daughter,[11] and on behalf of an alleged second son,[12] in addition to the evidence hereinbefore outlined.

In these files we find testimony that Wong Toy had three brothers,[13] one of whom was Wong Mon Fay;[14] that the alleged parents, Wong Hung Gee and Lim Shee were living in Hoy Ping city in China;[15] and that Lim Shee had natural feet.[16]

After considering all the foregoing evidence, the Board of Special Inquiry on January 28, 1937, found that appellant had not shown that Wong Mon Fay was born in the United States, and that appellant had not shown that he was the son of Wong Mon Fay. It said that "the decision of the courts in the Wong Ying Wing Case establishes that Wong Mon Fay is a discredited witness." On appeal[17] the Board of Review recommended that the appeal be dismissed for the same reasons set forth by the Board of Special Inquiry. The Board of Review believed "that there is judicial warrant in the Wong Ying Wing decision, supra, for

---

[5] Wong Mon Fay so testified on January 29, 1926, June 6, 1929, January 27, 1930, August 5, 1930, and June 27, 1934. His alleged first son so testified on January 29, 1926, and June 6, 1929. His alleged second son so testified on May 27, 1929, and January 24, 1930. His alleged third son so testified on January 13, 1930. Wong Ying Wing so testified on August 5, 1930, and June 12, 1934.

[6] Same witnesses and dates mentioned in note 5, except that the alleged first son did not so testify on June 6, 1929.

[7] Same witnesses and dates mentioned in note 5, except that Wong Mon Fay on January 29, 1926, and Wong Ying Wing on June 12, 1934, did not so testify.

[8] Wong Mon Fay on January 27, 1930, his alleged second son on January 24, 1930, and his alleged third son on January 13, 1930, so testified.

[9] Wong Toy made application for a citizen's return certificate, which was granted on October 20, 1914. He departed for China on October 24, 1914, and returned therefrom on September 30, 1916, and was admitted. On August 11, 1920, he made application for a citizen's return certificate, which was denied on October 19, 1920, but his appeal was sustained on February 16, 1921. He departed for China on March 19, 1921, and returned therefrom on July 27, 1922, bringing with him an alleged son.

[10] Wong Toy's alleged first son arrived July 27, 1922, and was admitted on September 6, 1922. On April 12, 1928, he applied for a citizen's return certificate, which was granted April 19, 1928. He departed for China on April 27, 1928, and returned therefrom on July 14, 1931, and was admitted.

[11] Wong Toy applied for preinvestigation of his status as an American citizen to aid entry of his alleged daughter. His citizenship was conceded on March 19, 1934. The alleged daughter arrived on July 10, 1933 and was admitted July 27, 1933.

[12] Wong Toy applied for preinvestigation of his status as an American citizen to aid his alleged second son. His citizenship was conceded on March 19, 1934. The son did not arrive here, however.

[13] Wong Toy so testified on September 20, 1920, on April 11, 1933, on July 21, 1933, and on March 14, 1934. His alleged first son so testified on September 1, 1922 and on July 21, 1933.

[14] Same witnesses and dates mentioned in note 13, and in addition the alleged daughter so testified on July 11, 1933.

[15] Wong Toy and his alleged first son so testified on September 1, 1922, and the alleged daughter so testified on July 11, 1933.

[16] Wong Toy so testified on September 20, 1920, and April 11, 1933 and on March 14, 1934.

[17] The other applicant also appealed.

judging this case in the light of the whole record with the sole purpose of preventing a perpetuation of fraud." A comparison of appellant's testimony with that of his witnesses, discloses two discrepancies. Comparison of the other applicant's testimony with that of his witnesses discloses seventeen discrepancies. With respect to these, the Board of Review apparently considered that they were insufficient to discredit the witnesses. The Board of Review said: " * * * Collateral discrepancies have been disclosed as between the testimony of these two applicants and their respective witnesses. These might be in some degree excused on the ground that one is only fourteen, and the other only thirteen years of age. In view, however, of the vital family discrepancy which consists in the fact that, while the two applicants claim to be grandsons of the same paternal grandparents, they both deny that there is any relation between themselves,—it is not believed that their claimed relationship to their alleged fathers can be regarded as reasonably or satisfactorily established."

In accordance with this recommendation, the appeals were dismissed on April 13, 1937. On April 17, 1937, appellant filed his petition in the court below for a writ of habeas corpus. On May 17, 1937, an order was entered denying the writ. Thereafter this appeal was taken.

It is admitted that appellant must show that he is the son of Wong Mon Fay, and that the latter was a citizen of the United States.

In Wong Ying Wing v. Proctor, 9 Cir., 77 F.2d 135, 136, this court, after referring to the discrepancy regarding the testimony of Wong Hung Gee and Lim Shee (the alleged parents) that they had seven children, and the testimony of Wong Mon Fay, that such parents had only three children, said: "Owing to the discrepancies in the testimony of both the alleged parents and the alleged brother, they are all discredited as witnesses." With regard to this statement, appellee says: "The alleged father of the appellant is judicially discredited in Wong Ying Wing v. Proctor, 9 Cir., 77 F.2d 135." Such assertions are erroneous. This court has repeatedly said that the credibility of witnesses is a matter to be determined exclusively by the immigration officials. Ex parte Masamichi Ikeda, 9 Cir., 68 F.2d 276, 277; Mui Sam Hun v. United States, 9 Cir., 78 F.2d 612; Morikichi Suwa

v. Carr, 9 Cir., 88 F.2d 119, 121. This court does not credit or discredit witnesses in such cases. It decides whether immigration officials acted arbitrarily in discrediting witnesses. The quoted sentence from Wong Ying Wing v. Proctor, supra, must be read in connection with the sentence appearing thereafter, as follows: "In view of the inconsistencies and contradictions in the evidence, it cannot be said that the Board acted in an arbitrary manner in holding that the appellant had ·not established that he was born in the United States."

Appellant and his witnesses disagree as to (1) whether the bedroom windows in Wong Mon Fay's house in China have glass, and (2) whether Lim Shee has natural feet. All these witnesses disagree with the other applicant and his witnesses as to (1) where Wong Hung Gee and Lim Shee are now living, and (2) the number of children born to Wong Hung Gee and Lim Shee. This court has previously decided that the immigration officials did not act in an arbitrary manner in discrediting witnesses on account of the last discrepancy mentioned, alone. Wong Ying Wing v. Proctor, supra. Certainly we cannot decide otherwise, when the same discrepancy is before us, together with three additional discrepancies. We hold that the immigration officials did not act arbitrarily in finding that appellant had not established that he was the son of Wong Mon Fay.

Appellant contends that he did not receive a fair hearing, because testimony given by witnesses at previous hearings in other cases, and testimony of the other applicant and his witnesses was considered. This court considered other records in Wong Ying Wing v. Proctor, supra. We believe it is proper for the immigration officials to refer to their past and current records. See Ex parte Wong Foo Gwong, 9 Cir., 50 F.2d 360, 361; United States ex rel. Ng Kee Wong v. Corsi, 2 Cir., 65 F.2d 564, 565, and cases cited.

Appellant also contends that the immigration officials acted arbitrarily in finding that appellant had not established citizenship of his alleged father, Wong Mon Fay, because of the many prior concessions of citizenship. Inasmuch as the order must be affirmed on the first ground mentioned, it is unnecessary to consider this contention. We therefore express no opinion regarding such action.

Affirmed.