## WOON SUN SEUNG v. PROCTOR, U. S. Commissioner of Immigration and Naturalization.

No. 8749.
Circuit Court of Appeals, Ninth Circuit.
Oct. 24, 1938.

Adam Beeler and Edwards E. Merges, both of Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., and Gerald Shucklin, Asst. U. S. Atty., both of Seattle, Wash. (J. P. Sanderson, U. S. Immigration Service, of Seattle, Wash., on the brief), for appellee.

Before HANEY, STEPHENS, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

Appeal has been taken from an order of the court below denying a petition for a writ of habeas corpus.

Appellant arrived at Seattle, Washington on August 4, 1937, from China and applied for admission to the United States as a foreign born son of Woon On, a native born citizen of this country. At the conclusion of a hearing on the application, held by a Board of Special Inquiry, admission was denied on August 20, 1937, by the Board on the ground that appellant had failed to establish the claimed relationship. On appeal from that decision, the Board of Review recommended that the appeal be dismissed on October 6, 1937, which recommendation was followed by the Secretary of Labor.

On November 5, 1937, appellant filed his petition for a writ of habeas corpus alleging that he did not have a fair trial, that the order of deportation was based "upon suspicion and conjecture", and that the Immigration Officers abused their discretion in making the order. This appeal was taken after denial of the petition by the court below on December 20, 1937. The sole point before us is whether or not appellant has received a fair hearing, which, it is argued, was not accorded because the immigration officials refused to believe appellant's evidence. The immigration officials chose not to believe appellant's evidence because of discrepancies.

The governing rules in such cases are set forth in Lum Sha You v. United States, 9 Cir., 82 F.2d 83, 84: "It is our duty to determine whether the record in behalf of the petitioner is so clear and convincing, that it may be fairly said to show that the Board committed a manifest abuse of the power and discretion conferred upon it. * * * Even if the Board's decision seems to us to be wrong, but it is shown that it did not act arbitrarily, that it reached its conclusions after a fair consideration of all facts presented, and that the discrepancies are such that reasonable men might disagree as to their probative effect, appellant has no recourse to the courts. * * * In considering the evidence, it is not sufficient that we might have reached a different decision. * * *"

In addition, the following statement from Wong Gim Ngoon v. Proctor, 9 Cir., 93 F.2d 704, 708, must be kept in mind: "* * * This court has repeatedly said that the credibility of witnesses is a matter to be determined exclusively by the immigration officials. * * * This court does not credit or discredit witnesses in such cases. It decides whether immigration officials acted arbitrarily in discrediting witnesses. * * *"

The evidence for appellant consisted of his own testimony, that of his alleged father and that of an alleged younger brother, who at the time of the hearing was about seven years old and had been admitted into the United States on May 20, 1937. Notwithstanding agreement of the testimony on a great many details, there were a number of discrepancies.

Appellant testified that the only public building in the village in which he lived was a school. The alleged father testified that the school was a private school, and the alleged brother testified that the schoolhouse was used only for social gatherings. Appellant testified that he attended the Hok Look school which was located in the village, while the alleged father and the alleged brother testified that the Hok Look school was located from two to three lis from the tail of the village. Appellant testified that he attended school with the alleged brother in 1937; that he had only one teacher; that there were about 17 or 18 pupils in the school. The alleged brother testified that there were eight or nine teachers in the school, and about 60 pupils, and that he did not attend school in 1937. The alleged father testified that the alleged brother did not attend school in 1937.

Appellant testified that the alleged father smoked when he was in China on his last trip, but both the alleged father and the alleged brother testified to the contrary. Appellant testified that there was no space between the two outbuildings owned by the family, while the alleged father and the alleged brother testified that the two buildings were separated by two or three lots. Appellant testified that pictures of his father and mother were in the parlor of his house in China, while the father testified to the contrary. In addition to the foregoing there is a disagreement among the witnesses as to the occupants of houses belonging to five neighbors in China.

It is contended that because of the two schools at the village, the discrepancy might be accounted for by failing to make a distinction between them, and that appellant might have given the number of pupils in his class and not in the entire school. However, the questions were clear and there should have been no confusion. Appellant, with regard to the outbuildings, says the discrepancy is immaterial. There is no discussion of the other discrepancies by appellant apparently because of the Board of Review's statement as follows: "* * * it is believed that the discrepancy regarding the location of the school house which applicant is alleged to have attended and the number of pupils and teachers at this school is of material importance and overcomes any features which are favorable to the applicant."

However, we may consider all of the discrepancies in determining whether or not they are sufficient to warrant the immigration officials in disbelieving the testimony. Kishan Singh v. Carr, 9 Cir., 88 F.2d 672.

We think that the discrepancies are such that reasonable men might differ as to their probative effect, and the decision of the immigration officials cannot be set aside. See Wong Choy v. Haff, 9 Cir., 83 F.2d 983, 984.

Order affirmed.